825 P.2d 968

**COCHISE COUNTY, a body corporate and politic of the State of Arizona, Plaintiff/Appellant,**

v.

**The ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM and its Director, Leonard J. Kirschner, Defendants/Appellees.**

**No. 2 CA–CV 91–0135.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 21, 1991.

Reconsideration Denied Dec. 24, 1991.

As Corrected Jan. 15, 1992.

given after proper *Miranda* warnings and waiver thereof.

**444**

Alan K. Polley, Cochise County Atty. by
Paul A. Smith, Bisbee, for plaintiff/appel-
lant.

Johnston, Maynard, Grant & Parker by
Catherine M. Cheney, Phoenix, for defen-
dants/appellees.

## OPINION

HATHAWAY, Judge.

This appeal is taken from a summary judgment entered in favor of defendant/appellee Arizona Health Care Cost Containment System (AHCCCS) and its administrator in an action to determine the eligibility of an individual for medical care under the system. A.R.S. § 36–2901, et seq.

The facts are not in dispute. A person was injured in a high-speed chase. The Department of Public Safety officer involved determined that there were outstanding warrants for that person's arrest. The individual was arrested and transported to a hospital for treatment. While hospitalized he was under guard. The question to be resolved is whether that individual is eligible for medical treatment under AHCCCS.

When the Arizona legislature enacted the state's counterpart to the federal Medicaid program, it included the following provisions:

> Any person who is a resident of this state may qualify for state assisted care for the medically needy under this article by demonstrating compliance with this section, except that a person who is an inmate of a public institution is not eligible for care under this section or § 11–297. Any person who is a qualified medicare beneficiary pursuant to article 3 of this chapter or who refuses to cooperate with the eligibility process prescribed in subsection G of this section, § 11–297, subsection I or § 36–2905.03, subsection D is not eligible under this chapter. For purposes of this subsection "public institution" means an institution that is the responsibility of a governmental unit or over which a governmental unit exercises administrative control. The director may adopt rules that further define who is considered to be an inmate of a public institution.

A.R.S. § 36–2905(A).

As authorized by the statute, the director of AHCCCS promulgated, in accordance with the Administrative Procedure Act

(APA), A.R.S. §§ 41–1001, et seq., the following definition:

> "Inmate of a public institution" means a person incarcerated in a public institution under process of the penal system, whether the offense is a felony, misdemeanor or delinquent act. Such a person remains an inmate even if, while serving his sentence, he is transferred to a mental or other medical facility.

Ariz.Admin.Code R9–22–101(59). Section 5.4.4(A) of the eligibility manual promulgated by AHCCCS lists as not eligible for medical benefits, inter alia, persons who are incarcerated in federal, state and county correctional facilities.

With this background, we turn to the case before us. When Cochise County applied for medical coverage under AHCCCS for the individual in the hospital, AHCCCS issued a "Policy Clarification" stating that "the applicant is considered incarcerated. The applicant is in the custody of the Department of Public Safety; therefore, this person will be denied [benefits]...." The trial court agreed with the position taken by AHCCCS, and this appeal followed.

Cochise County argues that the "Policy Clarification" issued by AHCCCS is an attempt to redefine the term "inmate of a public institution," and because there was no compliance with the APA, the attempted redefinition is void. Appellee argues that the definition in the "Policy Clarification" is accurate and appropriate. We agree with Cochise County and reverse the judgment of the trial court.

■ The scope of an agency's power is measured by statute and may not be expanded by agency fiat. *Caldwell v. Arizona State Bd. of Dental Examiners*, 137 Ariz. 396, 670 P.2d 1220 (App.1983). In A.R.S. § 36–2905(A), the legislature gave the director of AHCCCS the authority to define who is to be considered to be "an inmate of a public institution." In the statute, the legislature defined public institution as "an institution that is the responsibility of a governmental unit or over which a governmental unit exercises administrative control."

■ In order for a rule to be effective, it must be enacted in accordance with the provisions of the APA. *Oliver v. State Land Dept.*, 143 Ariz. 126, 692 P.2d 305 (App.1984). An administrative agency must follow the rules it promulgates. *Clay v. Arizona Interscholastic Ass'n*, 161 Ariz. 474, 779 P.2d 349 (1989). The same principles of construction that apply to statutes apply to the rules and regulations promulgated by the administrative agency. *Marlar v. State*, 136 Ariz. 404, 666 P.2d 504 (App.1983). They must be interpreted to result in a fair and sensible meaning. *City of Phoenix v. Superior Court*, 139 Ariz. 175, 677 P.2d 1283 (1984). The words and phrases used in statutes and rules have their ordinary meaning unless the context indicates otherwise. *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983).

■ Rule R9–22–101(59) defines an inmate of a public institution as "a person *incarcerated* in a public institution." (Emphasis added) Incarceration is defined as "imprisonment; confinement in a jail or penitentiary." Black's Law Dictionary 760 (6th ed. 1990). The word is derived from the latin word *incarcerare, "carcer"* meaning prison. When AHCCCSA published its manual setting forth for the various counties the procedures to be followed in utilizing the program, the agency apparently had this definition of incarceration in mind when it stated that ineligible persons are those incarcerated in "correctional facilities."

That the agency intended "a person incarcerated" to mean an individual confined in a correctional facility is further evidenced by the final sentence of the agency definition. It states: "Such a person [i.e., a person incarcerated] remains an inmate even if, while serving his sentence, he is transferred to a mental or other medical facility." The promulgated definition "inmate of a public institution" does not include one en route to a public institution for booking and incarceration. At that stage, the responsibility of the receiving institution arises.

The judgment in favor of AHCCCS and its director is reversed, and the trial court

is directed to enter judgment in favor of Cochise County.

Reversed and remanded.

ROLL, P.J., and FERNANDEZ, J., concur.