912 P.2d 1361

**STATE of Arizona, Appellant,**

v.

**Javier Diaz ARAGON, Appellee.**

**No. 1 CA–CR 94–0717.**

Court of Appeals of Arizona, Division 1, Department E.

Nov. 2, 1995.

Review Denied March 19, 1996.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Appellant.

---

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for Appellee.

## OPINION

GRANT, Judge.

Javier Diaz Aragon ("Defendant") was convicted of possession for sale of one pound or more of marijuana, a class 3 felony. *See* Arizona Revised Statutes Annotated ("A.R.S.") § 13–3405(B)(5). On August 31, 1994, the trial court suspended imposition of sentence, and placed defendant on probation for seven years and ordered that he serve ten months in the Maricopa County Jail. The State contends that pursuant to A.R.S. section 13–3405(C) Defendant is not eligible for probation until at least two-thirds of his sentence has been served.

The State filed a timely notice of appeal pursuant to A.R.S. section 13–4032(5). This Court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. sections 12–120.21(A)(1), 13–4031, and 13–4032(5).

## FACTS AND PROCEDURAL HISTORY

Defendant was arrested while participating in a sale of marijuana to an undercover police officer. The jury was given two verdict forms: not guilty and guilty of possession of one pound or more of marijuana for sale. The jury found Defendant guilty of possession of one pound or more of marijuana for sale.

Prior to sentencing the prosecutor requested that Defendant be sentenced according to A.R.S. section 13–3405(C), which, at the time of Defendant's crime, stated:

C. A person who is sentenced pursuant to the provisions of subsection B, paragraph 5, 7 or 9 involving an amount of marijuana having a weight at the time of seizure of eight pounds or more is not eligible for suspension or commutation of sentence, probation, parole, work furlough or release

from confinement on any other basis until the person has served not less than two-thirds of the sentence imposed by the court.

Defendant argued that the weight of the marijuana was a question of fact which he was entitled to have determined by the jury; since the only determination the jury made as to weight was that the marijuana was more than one pound, the court could not later find it was greater than eight pounds. The trial judge agreed with Defendant and placed him on probation, stating:

[W]hether this was eight pounds or more of marijuana was not submitted to the jury for its determination. So I feel since there is no jury finding on that issue that the court does have authority to place Mr. Aragon on probation.

## ISSUE PRESENTED

Does a trial court have authority to determine the weight of marijuana possessed by a defendant for the purpose of determining the mandated sentence?

## DISCUSSION

■ There are instances in which a trial court may make findings of fact that may lead to a greater sentence for a defendant. For example the trial court is authorized to make the factual finding whether a defendant is a parolee, thus enhancing the sentences for crimes committed. *State v. Hurley,* 154 Ariz. 124, 741 P.2d 257 (1987).

■ There are also instances in which sentence enhancing status must be determined by the jury. For instance, a jury must determine whether a defendant is an escapee for the purpose of a sentence enhancement. *State v. Powers,* 154 Ariz. 291, 742 P.2d 792 (1987).

The fulcrum of these cases is the nature of the factual finding to be made. The following passage from *Powers* is illuminating:

In concluding that the release status finding was not an element requiring jury

trial, we emphasized in *Hurley* that being on release is not a crime in itself and involves no component of criminal activity. At 131–32, 741 P.2d at 264–65. A defendant on release already has been convicted by a jury beyond a reasonable doubt of the underlying criminal conduct that led to his status of being on release. Thus, a jury already has made the critical finding: that the conduct and the accompanying mens rea leading to the creation of the status violated criminal laws. At sentencing for a later crime, the court thus is merely required to find that, at the time the later offense was committed, the defendant still was subject to the jurisdiction of the department of corrections. *Id.* at 132, 741 P.2d at 265.

*Powers,* 154 Ariz. at 293, 742 P.2d at 794.

■ The legislature has decided that the weight of marijuana a defendant possesses is not only a factor in determining the proper sentence, but also an element of the crime itself. If a defendant possesses less than one pound of marijuana for sale the crime is a class 4 felony; if the defendant possesses an amount for sale greater than one pound the crime is a class 3 felony. A.R.S. § 13–3405(B)(4) and (5). Therefore the weight of the marijuana is not merely an aggravating factor to be considered at sentencing.

In the situation of a parolee or probationer, the defendant has already been found guilty beyond a reasonable doubt of the predicate offense. We hold the situation in this case to be more akin to that described in *Powers.* There has been no finding beyond a reasonable doubt that Defendant possessed more than eight pounds of marijuana. While there was testimony presented that, if believed, would substantiate such a charge, the credibility of witnesses in a criminal trial is a matter for the jury to determine. We will not speculate as to what testimony or witnesses the jury believed; we merely focus our attention on what its verdict indicates— that the marijuana was more than one pound.

## CONCLUSION

The question whether Defendant possessed more than eight pounds of marijuana for sale was a matter for determination by the finder of fact. In accordance with the statute the weight of the marijuana is an element of the crime which must be pleaded, proved and found by the jury. Since the issue was not submitted to the jury by the forms of the verdict and the prosecutor failed to object to the forms of the verdict, the State is precluded from now raising this issue. The conviction and sentence are affirmed.

WEISBERG and PATTERSON, JJ., concur.