924 P.2d 507

**STATE of Arizona, Appellee,**

v.

**Melvin SCOTT, Appellant.**

**No. 1 CA–CR 95–0101.**

Court of Appeals of Arizona,
Division 1, Department B.

May 16, 1996.

As Corrected June 13, 1996.

Review Granted Sept. 24, 1996.

Review Denied as Improvidently
Granted Dec. 6, 1996.

**504**

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Ginger Jarvis, Assistant Attorney General, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Appellant.

## OPINION

THOMPSON, Judge.

Melvin Scott (defendant) appeals his convictions and sentences imposed for two counts of sale of a narcotic drug. He raises the issue whether the trial court erred in denying him probation without a finding by the jury on the "threshold amount" of drugs sold. Because we conclude that the trial court had the authority to determine "threshold amount," we affirm.

## FACTS

On February 17, 1994, defendant was indicted for three counts of sale of a narcotic drug, class two felonies in violation of Ariz. Rev.Stat.Ann. (A.R.S.) § 13–3408. The indictment alleged that all three counts involved a "usable" amount of crack cocaine.

Trial by jury commenced on August 9, 1994. Trial testimony as to Counts II and III demonstrated that defendant made separate sales of crack cocaine base with weights of 1.47 and 1.1338 grams respectively. Before deliberations, the trial court gave the jury the following instructions:

> The defendant has pled not guilty. This plea of not guilty means that the State must prove every part of the charges beyond a reasonable doubt.

> \*     \*     \*     \*     \*     \*

> The crime of sale of narcotic drugs requires proof of the following two things; one, the defendant knowingly sold a narcotic drug, and, two, the defendant sold a usable amount of a narcotic drug. An amount is usable if it is of such a quantity that it can be used according to the practices of narcotics users. Cocaine is a narcotic drug.

█ At the close of trial, defendant was found guilty of sale of a narcotic drug, Count II and Count III, but not guilty of Count I.[1] At sentencing, the prosecutor urged the court to deny probation because, pursuant to § 13–3408(D), the defendant had sold a "threshold amount" of cocaine base, making him ineligible for probation. The trial court accepted the state's reasoning and denied probation to defendant on that basis.[2]

Defendant was sentenced to two concurrent presumptive five-year terms of imprisonment. Defendant filed a notice of appeal, following a grant of the right to file a delayed appeal. We have jurisdiction pursuant to A.R.S. §§ 12–120.21, 13–4031 and 13–4033.

## DISCUSSION

█ Defendant alleges that because the finding of the "threshold amount" of cocaine was not determined by the jury, his convictions and sentences violate Article 2, Section 24 of the Arizona Constitution and the Sixth

---

1. In fact, although the jury was instructed that they were required to find that the defendant sold a "usable" amount of cocaine in order to convict the defendant, conviction for the unlawful sale of a narcotic drug does not, by law, require proof of a "usable" amount. *E.g., State v. Rodarte,* 173 Ariz. 331, 332, 842 P.2d 1344, 1345 (App.1992).

2. Although the trial court pronounced its reasons for refusing probation, it was not required to do so. *See State v. Becerra,* 111 Ariz. 538, 541, 534 P.2d 743, 746 (1975) (no reversible error in trial court's failure to state reasons for refusing to grant probation).

Amendment of the Constitution of the United States. In *State v. Powers,* 154 Ariz. 291, 742 P.2d 792 (1987), our supreme court noted that, ordinarily, jury trial and due process rights apply only to elements of the crime charged and not to factual findings used only to enhance punishment after conviction. *Id.* at 294, 742 P.2d at 795. However, in certain circumstances, due process considerations compel us to require jury determinations of facts not formally identified as elements of the offense charged. *See McMillan v. Pennsylvania,* 477 U.S. 79, 86, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986) (in limited circumstances, reasonable doubt standard applies to facts which are not elements of the offense).

■ For example, in *State v. Aragon,* 185 Ariz. 132, 912 P.2d 1361 (App.1995), another panel of this court recently validated the probation of a defendant convicted of possession of marijuana when the amount of marijuana had not been determined by the jury at trial. In that case, the court noted that the legislature structured the marijuana possession statute such that the weight of the marijuana involved determined the class of felony committed. Because the weight of marijuana a defendant possesses is *essential* in determining the range of years to which a defendant may be sentenced, the weight of marijuana is an "element" of such importance that it must be fixed by the jury. *Id.* at 134, 912 P.2d at 1363.[3]

In *Powers,* an enhanced sentence was vacated because the jury was not directed to determine whether the defendant was an escapee at the time he committed the charged offenses. 154 Ariz. at 291, 742 P.2d at 792. *Powers* distinguished *State v. Hurley,* 154 Ariz. 124, 741 P.2d 257 (1987), *cert. denied,* 484 U.S. 1028, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988), in which a defendant on release from confinement when he committed new felony offenses was deemed not entitled to a right to a jury determination of his release status. The *Powers* court reasoned that, while being on release was not a crime "in itself" and involved *no component of criminal activity,*

*escape* from confinement *was* a crime in itself, containing its own proof elements and requiring a jury determination of those elements. 154 Ariz. at 293–94, 742 P.2d at 794–95.

Our inquiry, then, is whether "threshold amount" requires a jury finding where, as in both *Hurley* and *Powers,* its determination does not apply to the conviction *per se,* but only to punishment. Section 13–3408 provides, in pertinent part, that:

A. A person shall not knowingly:

    •     •     •     •     •

7. ... sell ... a narcotic drug.

B. A person who [sells a narcotic drug] ... is guilty of a class 2 felony.

D. If the aggregate amount of narcotic drugs involved in one offense or all of the offenses that are consolidated for trial equals or exceeds at the time of seizure the statutory threshold amount, a person who is convicted of [selling a narcotic drug] is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis until the person has served the sentence imposed....

Section 13–3401(28) states:

"Threshold amount" means a weight, market value or other form of measurement of an unlawful substance as follows: ... (c) Seven hundred fifty milligrams of cocaine base or hydrolyzed cocaine.

The *Hurley* court held that the constitutional guarantee of trial by jury is inapplicable to a factual inquiry which only determines the punishment to be imposed *once the elements of the crime have been found.* 154 Ariz. at 131–32, 741 P.2d at 264–65. Subsection D of § 13–3408 states that a person who is *convicted* of selling narcotic drugs is not eligible for probation if the drugs weigh a certain "threshold amount." The sale of cocaine is a class two felony. The class of felony is not determined by the "threshold amount" of cocaine sold. And the determination regarding threshold amount does not involve any determination whether a crime separate and

---

**3.** When Aragon committed his crime, a finding that at least one pound of marijuana was possessed for sale made the offense a class three felony. A finding as to a "threshold amount" of

eight pounds or more affected only the availability of probation. As noted below, fn. 5 at p. 506, 924 P.2d fn. 5 at page 510, we do not here follow the holding in *Aragon* as to "threshold amount."

apart from selling narcotics was committed, the kind of determination that called for a jury's verdict in *Powers*.

Pivotal to the outcome of these cases is whether the *range of sentence* may be affected by the finding at issue. *Aragon* held that, because the class of felony was linked to weight by statute, the weight of marijuana possessed literally determined the range of sentences to which defendant could be subjected. 185 Ariz. at 134, 912 P.2d at 1363; see A.R.S. § 13–3405(B). In *Powers*, exoneration by the jury on the issue of escape would have taken several years off the defendant's sentence. 154 Ariz. at 294, 742 P.2d at 795. In *Hurley*, the defendant's range of sentence was greater than it would have been had the trial court not made its own finding on release status. 154 Ariz. at 126, 741 P.2d at 259. However, the *Hurley* court explained that release status, a sentencing consideration traditionally evaluated by the court, primarily involved documentary, objective evidence and that the issue of release status was one that could be applied across the board as a sentence-enhancing factor to almost any crime. *Id.* at 130, 741 P.2d at 263.

In *McMillan*, the Supreme Court found that due process did not preclude treating visible possession of a firearm as a sentencing factor, rather than as an element of the offense to be proved to a jury beyond a reasonable doubt. The Court reasoned that constitutional limits to a state's power were not exceeded by a sentencing provision that did not alter the maximum sentence of the underlying crime, noting that such a statute "operates solely to limit the sentencing court's discretion in selecting a penalty *within the range already available to it without the special finding*...."[4] 477 U.S. at 87–88, 106 S.Ct. at 2417. (Emphasis supplied.) The Court found that the statute in question

"simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated [its] precise weight...." *Id.* at 89–90, 106 S.Ct. at 2418.

We find this to be the case before us as well. In Arizona criminal practice, the factors influencing the grant or denial of probation have historically been determined by the trial court at sentencing. *E.g., Becerra*, 111 Ariz. at 541, 534 P.2d at 746 (trial court will not be second-guessed regarding denial of probation; reasons for denying probation may include "intangibles and imponderables"). The quantity of controlled substances illegally possessed in drug cases is a factor that has consistently been considered by sentencing courts in Arizona as bearing on the punishment to be meted out. *See id.* (denial of probation justified by large quantity of marijuana possessed); *State v. Celaya*, 27 Ariz.App. 564, 570, 556 P.2d 1167, 1173 (1976) (large quantity of heroin involved supported severe sentence); *State v. Shing*, 109 Ariz. 361, 363, 509 P.2d 698, 700 (1973) (lengthy prison sentence appropriate where 2600 pounds of marijuana transported). The sentence enhancement statute here simply codifies a traditional aggravating factor.

We find, in keeping with *McMillan* and *Hurley*, that the factor of "threshold amount" is to be determined by the trial court. It is within the sole power of the legislature to prescribe punishment for criminal acts. *State v. McClarity*, 27 Ariz.App. 571, 575, 557 P.2d 170, 174 (1976). Section 13–3408(D) simply dictated the weight to be given to the aggravating factor of "threshold amount" once defendant had been convicted of sale of a narcotic drug. The presence or absence of this factor did not modify the term of years for which defendant could be sentenced. The factor did not determine the class of felony and did not become a factor until *after* conviction.[5] The factor is easily

---

4. The Court distinguished the scenario in *McMillan* from that found in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), where the Court held that a jury finding of absence of heat of passion on sudden provocation in a homicide case was mandated where the sentencing differential was between a nominal fine and a mandatory life sentence. 477 U.S. at 84, 87, 106 S.Ct. at 2415, 2416.

5. We note here that the analogous sentencing provision at issue in *Aragon*, A.R.S. § 13–3405(C), similarly did not determine the class of felony for which judgment would be entered. The reasoning set forth in *Aragon*, that a factor determining the class of a felony offense is an element of the offense, is supportable. However, because, as here, the enhancement provision determines only whether probation is available,

determined by the objective evidence at trial or in a presentence hearing.

## CONCLUSION

We conclude that the finding of "threshold amount" was appropriately found by the trial court as a sentencing factor and that probation was unavailable to defendant because he sold more than the "threshold amount" of narcotics. Therefore, the issue raised on appeal does not provide a basis for reversing either defendant's convictions or sentences. In addition, we have reviewed the record for fundamental error and have found none. Accordingly, defendant's convictions and sentences are affirmed.

EHRLICH and KLEINSCHMIDT, JJ., concur.

and the provision is purely pertinent to sentencing, we respectfully disagree with the result in *Aragon.*