932 P.2d 289

**STATE of Arizona, Appellee,**

v.

**Gregory GRAVES, Appellant.**

**No. 1 CA–CR 95–0927.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 24, 1996.

Review Denied Feb. 26, 1997.

---

OPINION

NOYES, Judge.

Gregory Graves ("Appellant") was indicted on five counts of sale of narcotic drugs, class 2 felonies. The State subsequently amended the indictment to allege two prior felony convictions. A jury found Appellant guilty on all five counts and it also found that he had two prior felony convictions. The only issues on appeal relate to the prior convictions. We conclude that the class 5 felony prior conviction did not qualify as a historical prior felony conviction because, after excluding time while Appellant was incarcerated, the class 5 offense occurred more than five years prior to any of the current offenses. We therefore affirm the convictions, vacate the sentences and remand for resentencing.

## I.

The amended indictment charges Appellant with two prior felony convictions: (1) conviction in Maricopa County Superior Court for burglary committed on January 1, 1985, CR 145592, and (2) conviction in Coconino County Superior Court for larceny committed on September 29, 1983, CR 83–10541. At the beginning of trial on the prior convictions, the court told the jury that the offenses were "burglary" and "theft," with conviction dates of June 17, 1985 and April 23, 1984, respectively. At the end of that trial, the court read to the jury from the verdict forms and no one noticed that the verdict for the prior theft charge gave the date of conviction as June 17, 1985 instead of the correct date of April 23, 1984. The jury found that Appellant had been convicted of the two prior felonies. Its verdict on the prior theft conviction contained the incorrect date of conviction.

Pursuant to A.R.S. section 13–604(D) (Supp.1995), Appellant's five current convictions were enhanced with the two prior convictions and he was sentenced to aggravated, consecutive terms of twenty-five years imprisonment on each of the five counts. In explaining its reasons for such a long sentence, the trial court cited many, many aggravating factors. Appellant timely appeal-

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Joseph T. Maziarz, Assistant Attorney General, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Appellant.

**26**

ed. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033(A) (Supp.1995).

## II.

Appellant has three arguments, all of which are raised for the first time on appeal: the indictment charged one of the prior convictions as "larceny" when the actual charge was "theft;" the verdict form on the prior theft conviction had the wrong date; and the jury failed "to make appropriate findings" to support sentencing Appellant as a repetitive offender under A.R.S. section 13–604(D).

### A. Defective Indictment

■ "No issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16." Ariz. R.Crim. P. ("Rule") 13.5(c). Had Appellant complained at trial that "larceny" was alleged rather than "theft," this minor defect would have been readily corrected. The failure to raise this issue in the trial court renders any error harmless. Rule 13.5(c) cmt. ("This provision makes any defects harmless error unless timely raised under Rule 16.")

### B. Defective Verdict Forms

■ It is also well established that Appellant cannot object to the forms of verdict for the first time on appeal unless the error was "fundamental." *State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991); *State v. Conner*, 163 Ariz. 97, 101, 786 P.2d 948, 952 (1990); *see also* Rule 21.3(c) (party who fails to object to verdict forms waives the error on appeal).

"Fundamental error exists where the error goes to the foundation of the case or deprives the defendant of an essential right to his defense." *State v. White*, 160 Ariz. 24, 31, 770 P.2d 328, 335 (1989). Furthermore, to be fundamental, "the error must be clear, egregious, and curable only via a new trial." *Gendron*, 168 Ariz. at 155, 812 P.2d at 628.

The problem with the verdict form was not fundamental error; it was clerical error. The trial court began the trial on the prior convictions by correctly advising the jury

that the date of the alleged prior theft conviction was April 23, 1984. The State introduced into evidence certified records from Coconino County Superior Court and the Arizona Department of Corrections establishing April 23, 1984 as the date of the prior theft conviction. There was no argument at trial about this date, and the erroneous date on the verdict form was merely a clerical error. The error would have been easily corrected if noticed, and that it was not noticed neither compromised Appellant's right to a fair trial nor affected the foundation of his case regarding the prior theft conviction.

### C. The Jury's Findings of Appellant's Prior Convictions

Appellant argues that A.R.S. section 13–604(P) (Supp.1995) requires the jury to determine whether the prior convictions fit within the time limits of A.R.S. section 13–604(U)(1) (Supp.1995). Subsection (c) of this statute provides that "historical prior felony conviction" means: "Any class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding five years." Subsection (b) of this statute has similar language for class 2 and 3 felonies, except that the relevant time period is ten years.

■ We conclude that A.R.S. section 13–604(P) requires that the *fact* of the prior felony conviction be found by the jury and that, at sentencing, the judge determine whether that prior conviction qualifies for sentence enhancement pursuant to A.R.S. section 13–604(D). We note that HB 2045, recently enacted by the 42nd Arizona Legislature, now requires that the judge, not the jury, hear the trial of prior convictions in cases where the existence of a criminal record may be used for sentence enhancement.

Appellant's reliance on *State v. Aragon*, 185 Ariz. 132, 912 P.2d 1361 (App.1995) is misplaced. The issue in *Aragon* involved the requirement that the jury, not the trial court, determine an element of the crime itself; the

issue here relates only to enhancement of sentence pursuant to A.R.S. section 13–604.

### D. Dates of Appellant's Historical Prior Felony Convictions

■ Although Appellant's argument regarding *who* must make findings regarding the dates of prior convictions is misplaced, we agree that the trial court committed fundamental error in finding that Appellant's class 5 prior felony conviction qualified for sentence enhancement purposes pursuant to A.R.S. section 13–604.

Appellant represented himself at trial, assisted by advisory counsel. At sentencing, the State advised the court that Appellant was incarcerated from January 3, 1985 through August 25, 1989. If these dates were correct, both of Appellant's prior convictions qualified for sentence enhancement purposes. Appellant disputed the latter date; he argued that he had been released on parole in 1988, about ten months prior to August 1989. Appellant was right. The Department of Corrections documents introduced in evidence by the State to prove Appellant's prior convictions also prove that he was granted parole effective October 28, 1988. Nevertheless, the court found that Appellant's incarceration ended on August 25, 1989, and it enhanced Appellant's sentences with two historical prior felony convictions pursuant to A.R.S. section 13–604.

Appellant committed the class 5 prior felony on January 1, 1985 and was incarcerated for that offense from January 3, 1985 until his sentence expired on January 3, 1987, at which time he began serving his prison sentence on the class 3 felony. Appellant was paroled on October 28, 1988, and the first of his current offenses was committed more than five years later, on January 18, 1994. Therefore, unless Appellant was "incarcerated" while on parole, the class 5 prior felony conviction does not qualify as a "historical prior felony conviction."

■ We conclude that a person on parole is not "incarcerated" within the meaning of A.R.S. section 13–604(U). As a general rule, "words and phrases used in statutes and rules have their ordinary meaning unless the context indicates otherwise." *Cochise County v. Arizona Health Care Cost Containment System,* 170 Ariz. 443, 445, 825 P.2d 968, 970 (App.1991). The court in *Cochise County* consulted Black's Law Dictionary in crafting its definition of "incarceration" as "imprisonment; confinement in a jail or penitentiary." *Id., citing* BLACK'S LAW DICTIONARY 760 (6th ed.1990). The court also noted that the word "incarceration" is derived from the latin word *"incarcerare,"* and pointed out that the word *"carcer"* means prison. *Cochise County,* 170 Ariz. at 445, 825 P.2d at 970. In one statute, the legislature has defined "incarceration" as "facilities that are dedicated to the confinement of persons who are committed to the department." A.R.S. § 41–1609(D)(3) (Supp.1995). Because "incarceration" means "confinement" we conclude that it does not include parole, which involves release from confinement.

Appellant's incarceration having ended more than five years prior to any of his current offenses, his class 5 prior felony conviction does not fall within the time period prescribed by A.R.S. section 13–604(U)(1)(c). Therefore, Appellant's class 5 prior felony conviction does not qualify as a "historical prior felony conviction" for purposes of sentence enhancement.

■ Appellant committed his prior class 3 felony on March 7, 1983. Excluding Appellant's incarceration (January 3, 1985 through October 28, 1988) brings this prior felony conviction within the ten year period provided by A.R.S. section 13–604(U)(1)(b).

### III.

The convictions on the five current offenses are affirmed, the sentences are vacated and the matter is remanded for resentencing with one historical prior felony conviction.

FIDEL and McGREGOR, JJ., concur.