947 P.2d 923

**STATE of Arizona, Appellee,**

v.

**Keithel Ainsworth VIRGO, Appellant.**

**No. 1 CA–CR 96–0946.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 30, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, John Pressley Todd, Assistant Attorney General, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Appellant.

GRANT, Presiding Judge.

Keithel Ainsworth Virgo ("Defendant") appeals his convictions on two counts of Possession of Marijuana, each a class 4 felony, for which he was sentenced to two 2.5–year terms. For reasons that follow, we vacate both sentences and remand with directions to dismiss one conviction, reduce the other to a class 6 felony and sentence Defendant accordingly.

## FACTS AND PROCEDURAL HISTORY

On May 13, 1996, a Department of Public Safety officer stopped Defendant's vehicle for a traffic violation. Defendant and a passenger consented to a search of the vehicle. The search revealed three gift-wrapped boxes containing marijuana in the trunk of the car, and one marijuana cigarette and some drug paraphernalia in the passenger's purse.

A grand jury charged Defendant with one count of Possession of Marijuana for Sale and one count of Transportation of Marijuana for Sale, in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 13–3405(A)(2) and (A)(4) (Supp.1996).

The trial court read a stipulation between the parties to the jury:

Ladies and gentlemen of the jury, there is a stipulation by both the county attorney in this case, Dan Slayton, defense attorney David Goldberg. The stipulation is as follows: The defendant and the state agree to stipulate that the substance seized in this case was a usable quantity of marijuana with a weight of 35 pounds. Again, the state—the defendant and the state agree to stipulate that the substance seized in this case was a usable quantity of marijuana with a weight of 35 pounds. The Court adopts the stipulation of the parties.

At trial, defense counsel requested the jury be instructed on the lesser-included offense of simple Possession of Marijuana, A.R.S. section 13–3405(A)(1), in addition to the other charges. The jury found Defendant guilty on two counts of the lesser-included offense—Possession of Marijuana. With reference to the lesser-included offense, neither the verdict forms nor the verdicts themselves required the jury to determine the amount of marijuana Defendant possessed, and the issue of the marijuana's weight was never submitted to the jury, despite the fact that the offense level for marijuana possession is statutorily contingent upon the amount. Nevertheless, the trial judge relied on the stipulation as conclusively establishing the weight of marijuana involved and treated the convictions as class 4 felonies under A.R.S. section 13–3405(B)(3) (involving over four pounds of marijuana), rather than class 6 felonies under A.R.S. section 13–3405(B)(1) (involving less than two pounds of marijuana) (Supp.1996).

From these convictions and sentences Defendant timely appealed, claiming the judge improperly relied on the stipulation to determine the class of felony and violated Defendant's statutory and constitutional rights by twice sentencing him for the same offense. Defendant asks to be sentenced for only one class 6 felony. We have jurisdiction pursuant to A.R.S. section 12–120.21(A)(1) (1992).

## DISCUSSION

Because the State concedes, and we agree, that the trial court violated the constitutional

prohibition against double jeopardy by twice punishing Defendant for possession of the same marijuana, we need not address this issue but, rather, vacate Defendant's second conviction and sentence. Here, we determine only the remaining issues:

I. Did the trial court err in relying on the parties' stipulation to determine, for sentencing purposes, that Defendant possessed more than four pounds of marijuana, even though the jury made no finding as to the quantity possessed?

II. What is the effect of a stipulation between the parties in a criminal trial, when the jury neither explicitly adopts nor rejects the stipulation in its verdict?

## I. The Trial Court Erred at Sentencing by Relying on the Parties' Stipulation to Establish Defendant Possessed More Than Four Pounds of Marijuana, When the Jury Made No Finding as to the Quantity Possessed.

Pursuant to A.R.S. sections 13–3405(B)(1) and (3), Possession of Marijuana in excess of four pounds is a class 4 felony, while Possession of Marijuana under two pounds is a class 6 felony. Defendant argues the trial court could not sentence him for a class 4 felony because the jury did not determine the marijuana he possessed weighed more than four pounds.

Defendant relies on this court's decision in *State v. Aragon*, 185 Ariz. 132, 912 P.2d 1361 (App.1995). In *Aragon*, we held a trial court does not have authority to decide the weight of marijuana possessed by a defendant for the purpose of imposing a mandated sentence; instead, a jury must make such a determination. *Id.* at 134, 912 P.2d at 1363.

As in *Aragon*, the jury in the instant case did not determine the weight of the marijuana. The record indicates defense counsel requested an instruction on the lesser-included offense of possession, and the court adopted a modified version of defense counsel's proposed verdict forms. The State proposed no verdict forms and apparently did not object to the forms chosen by the court. As a result, the jury received instructions and verdict forms for Possession for Sale of Marijuana (in excess of four pounds), Trans-

portation for Sale of Marijuana (in excess of two pounds), and simple Possession of Marijuana (of a usable quantity).

The Transportation and Possession for Sale instructions and verdict forms required the jury to determine the weight of the marijuana before finding Defendant guilty of those offenses. However, with regard to the lesser-included offense of Possession of Marijuana, the issue of quantity was not submitted to the jury as an offense element. Instead, the jury received the following instruction:

> The crime of possession of marijuana requires proof of the following three things:
>
> 1. The defendant was aware or believed he possessed marijuana; and
>
> 2. The substance was in fact marijuana; and
>
> 3. The defendant possessed a usable amount of marijuana. An amount is usable if it is of such quantity and quality that it could be used according to the practices and procedures of marijuana users.

Further, the jury received the following pre-printed forms for a "Verdict of Guilty":

> We the Jury, duly empaneled and sworn upon our oaths do hereby find Keithel Virgo:
>
> ____ Guilty of Transportation of Marijuana for Sale over two pounds.
>
> ____ Guilty of the lesser offense of Possession of Marijuana.
>
> . . . .
>
> ____ Guilty of Possession of Marijuana for Sale over four pounds.
>
> ____ Guilty of the lesser offense of Possession of Marijuana.

Demonstrably, the jury did not formally determine the amount of marijuana Defendant possessed. Two individuals were in the car, and marijuana was found both in the trunk of the car and in the passenger's purse. We are unable to ascertain on this record whether the jury found Defendant possessed the thirty-five pounds of marijuana in the car, or part of it, or the small amount in the passenger's purse.

Nevertheless, at sentencing the trial court stated, "The Court adopts the stipulation of the parties"—namely, that the substance seized was marijuana and weighed thirty-five pounds. The court treated the stipulation as conclusively establishing the weight of the marijuana Defendant possessed and sentenced Defendant for two class 4 felonies. Defense counsel objected: "The jury did not find the weight of the marijuana and they were free to reject a stipulation.... I discussed the matter with [the prosecutor] and he agreed I was correct and that Mr. Virgo was convicted of a class 6 felony." Indeed, at sentencing the State admitted that "under the existing case law it appears that the class 6 is what he would have to be sentenced to."

On appeal, however, the State now claims the weight of the marijuana is not an element of the offense and, if it is, failure to instruct on that element is not fundamental error because there was no issue for the jury as to the element. *See State v. Bible,* 175 Ariz. 549, 600, 858 P.2d 1152, 1203 (1993), *cert. denied,* 511 U.S. 1046, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994). We disagree with the State's analysis.

■ Initially, the State argues the appropriate standard of review is for fundamental error. The State claims Defendant failed to object to the jury instructions and verdict forms and therefore waived all but fundamental error. *See State v. Gendron,* 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). A defendant who does not request a relevant jury instruction can waive error based on the failure to give that instruction; in such a case, we review to determine whether the error is so egregious as to constitute fundamental error. In the instant case, however, the State mischaracterizes the relevant legal issue as one of fundamental error.

■ The issue here is *not* whether Defendant failed to object to the jury instructions and verdict forms. Defendant had no duty to object: he proposed the very instructions and forms adopted by the trial court—instructions and forms delineating the lesser-included offense of simple possession of a usable quantity of marijuana, a class 6 felony. Rather, the issue is the trial court's error of law in sentencing Defendant for a higher-level offense than the jury instructions and verdict forms permitted. We review errors of law *de novo. Reed v. Mitchell & Timbanard, P.C.,* 183 Ariz. 313, 317, 903 P.2d 621, 625 (App.1995) (citing *Tovrea Land & Cattle Co. v. Linsenmeyer,* 100 Ariz. 107, 114, 412 P.2d 47, 52 (1966)).

Defendant requested and received an instruction to the jury on a lesser-included offense—Possession of Marijuana of a usable quantity. The State then failed to request, and the court failed to instruct, that the jury determine the amount of marijuana Defendant possessed. The jury never received verdict forms for possession of a certain weight of marijuana. Nevertheless, at sentencing, the trial court in effect *added an element to the jury's verdicts*—that the marijuana weighed more than four pounds—and sentenced Defendant for two class 4 felonies. As a result, the trial court violated Defendant's right to trial by jury on every factual element for which a sentence may be increased. *See State v. Hurley,* 154 Ariz. 124, 128–29, 741 P.2d 257, 261–62 (1987) (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), for proposition that State must prove beyond a reasonable doubt every fact necessary to constitute a crime), *cert. denied,* 484 U.S. 1028, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988).

■ The State, however, argues the weight of the marijuana was not an essential element of the offense and therefore did not require a jury determination. Again, we disagree. Before a judge may sentence a defendant for class 4 felony Possession of Marijuana, a jury must have found the defendant possessed marijuana in excess of four pounds. We have previously held the weight of the marijuana involved to be an essential element of a possession offense, and we reiterate this holding here. *See Aragon,* 185 Ariz. at 134, 912 P.2d at 1363; *State v. Scott,* 186 Ariz. 503, 505, 924 P.2d 507, 509 (App. 1996). To the extent "[t]here has been no finding beyond a reasonable doubt that Defendant possessed more than [four] pounds of marijuana,". the trial court violated Defendant's right to a jury trial on each element of an offense when the court sentenced Defen-

dant for two class 4 felonies. *Aragon,* 185 Ariz. at 134, 912 P.2d at 1363.

We recognize, however, that this case differs from *Aragon* because the trial judge here did not determine the marijuana's weight himself, but instead relied on the parties' stipulation that the substance seized was marijuana and weighed thirty-five pounds. Therefore, we examine the effect of a stipulation in a criminal trial.

## II. A Stipulation Has No Effect at Sentencing in a Criminal Trial When a Jury Neither Explicitly Adopts Nor Rejects the Stipulation in Its Verdict.

The State claims the stipulation between the parties removed the issue of the marijuana's weight from the province of the jury. Specifically, the State argues, "There was no issue to be decided concerning this alleged element" because of the stipulation. We disagree and address the role of a stipulation in a criminal trial.

■ Arizona case law defines a stipulation as:

an agreement, admission or concession made in a judicial proceeding by the parties thereto or their attorneys, in respect to some matter incident thereto, for the purpose, ordinarily, of avoiding delay, trouble and expense.

*Harsh Bldg. Co. v. Bialac,* 22 Ariz.App. 591, 593, 529 P.2d 1185, 1187 (1975) (citing *Bekins Van & Storage Co. v. Industrial Comm'n,* 4 Ariz.App. 569, 570, 422 P.2d 400, 401 (1967)). In the criminal context, our courts have found stipulations to be conclusive evidence, binding on the parties, for which the parties need offer no further proof. *State v. Sorrell,* 109 Ariz. 171, 173, 506 P.2d 1065, 1067 (1973) (court erred in refusing to instruct jury that stipulation was conclusive). Furthermore, we have previously held that a criminal defendant may not withhold from the jury's consideration a stipulation concerning an offense element. *State v. Rebollosa,* 177 Ariz. 399, 402, 868 P.2d 982, 985 (App.1993) (when DUI defendant stipulated his license was suspended, it was still necessary to present stipulation to jury for determination; defen-

dant could not withhold stipulation from jury).

■ Despite the fact that stipulations are binding on the parties and must be presented to the jury, a stipulation is not binding on the jury. A jury may accept or reject any stipulation. If a jury verdict does not include an offense element, any stipulated facts related to the element may not be considered proven, and a sentencing judge may not rely on the stipulation to supply the element. Because we find no relevant Arizona law other than *Rebollosa* on this issue, we look to other courts for guidance.

Using a line of analysis similar to ours, the United States Supreme Court reversed a conviction and sentence in a case in which a defendant pled guilty to assault of a federal officer and use of a firearm but was sentenced for the more serious offense of attempt to murder a federal officer, because the trial court viewed the guilty plea as a stipulation establishing the elements of the higher offense. *Braxton v. United States,* 500 U.S. 344, 349–50, 111 S.Ct. 1854, 1858–59, 114 L.Ed.2d 385 (1991). Although the Court declined to decide whether the guilty plea constituted a stipulation, the Court held the district court could not use the plea to sentence the defendant for the higher offense of attempted murder. *Id.* at 349, 111 S.Ct. at 1858. Any conclusion by the district court regarding the higher offense would be an "inference at best, and an inference from ambiguous facts." *Id.* at 350, 111 S.Ct. at 1859. Therefore, it was error for the district court to rely on the guilty plea to sentence the defendant for the more serious crime.

Correspondingly, some federal appellate courts have considered the relationship of a stipulation to a guilty verdict and have reached conclusions similar to ours:

[O]nly the jury can reach the "requisite finding of guilty."

. . . .

Although a fact stipulation may have the effect of providing proof beyond a reasonable doubt of the existence of the facts that make up an element, a conviction is not valid unless a jury considers the stipulation and returns a guilty verdict based on its finding that the government proved the

**354**

elements of the crime beyond a reasonable doubt. A court may not by-pass [sic] the jury and enter its own finding that the element has been established.

*United States v. Muse,* 83 F.3d 672, 679–80 (4th Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996). Because a jury has the power to return a "not guilty" verdict despite the facts, a judge may not rely on a stipulated fact as conclusively proven unless a jury finds it proven—no matter how uncontroverted the evidence. *Id.* at 680; *United States v. Jones,* 108 F.3d 668, 676 (6th Cir.1997) (Ryan, J., concurring) (defendant does not waive right to jury trial on an element by stipulating to its factual basis). We agree.

We hold a jury must actually find a defendant guilty of an element before a judge may use that element to increase the sentence or classification of offense. The right to a jury trial prevents a sentencing judge from increasing the classification of an offense based on a finding not explicitly adopted by the jury in its verdict. *See* Ariz. Const. art. II, §§ 23–24; *see also United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (right to jury determination of every offense element under United States Constitution). A stipulation that thirty-five pounds of marijuana was seized from Defendant's vehicle is not proof beyond a reasonable doubt that Defendant possessed more than four pounds of marijuana—unless the jury so finds. This is particularly true when the evidence reflects that the vehicle also contained another person and other marijuana of a smaller quantity. Accordingly, we remand this case to the trial court with directions to dismiss one conviction and to designate the other a class 6 felony and sentence Defendant accordingly.

KLEINSCHMIDT and NOYES, JJ., concur.