980 P.2d 501

**STATE of Arizona, Appellee,**

v.

**Richard Edward HICKMAN, Appellant.**

**No. 1 CA–CR 98–0318.**

Court of Appeals of Arizona, Division 1, Department C.

May 11, 1999.

Janet A. Napolitano, The Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender, By Carol A. Carrigan, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶1 Richard Edward Hickman ("defendant") was convicted of one count of burglary in the third degree, a class 4 felony. An "historical prior felony conviction" had been alleged by the state. Upon a trial of this contention, the court found that, on June 12, 1987, in Montana, the defendant had been convicted of forgery, the equivalent of a class 4 felony in Arizona.[1] The defendant then was sentenced to three years in prison, the mitigated term for a person convicted of a class 4 felony who has one historical prior class 4 felony conviction. *See* ARIZ. REV. STAT. ANN. ("A.R.S.") § 13–604(A) (Supp. 1998).[2] We must remand the case for resentencing, however, because no evidence was presented concerning when the alleged prior offense had been committed as is required by the statute.

¶2 A person who is convicted of a felony and who has an historical prior felony conviction must be sentenced to prison. A.R.S. § 13–604. When the prior offense is a class 4 felony, an historical prior felony conviction is one *committed* within five years of the date of the current offense, excluding the time when the defendant was in prison or jail, as stated in A.R.S. section 13–604(U):

1. "Historical prior felony conviction" means:

\* \* \*

(c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding five years.

¶3 In attempting to prove the defendant's prior conviction, the state only presented certified copies of the following documents from the Lewis and Clark County Judicial District Court in Montana: (1) an "Order Revoking Defendant's Suspended Sentence And Amended Judgment and Commitment," dated March 2, 1994, and (2) an "Order for Revocation Of Suspended Sentence," dated June 12, 1987. The first order served to revoke the defendant's suspended sentence for fraudulently obtaining dangerous drugs imposed on August 27, 1987. The second order served to revoke the defendant's suspended sentences on two counts of forgery imposed on March 11, 1982.[3] Nei-

1. An out-of-state conviction is treated identically to an Arizona conviction if the offense would have been punished as a felony had it been committed here. ARIZ. REV. STAT. ANN. § 13–604(N) (Supp.1998).

2. The range of sentence for a class 4 felony with one historical prior felony conviction is a minimum term of three years, a presumptive term of 4.5 years and a maximum term of six years. If the trial court had found that there were exceptional circumstances, i.e., two substantial aggravating factors, the sentence could have been increased to 7.5 years. If the court had found two substantial mitigating factors, the sentence could have been decreased to 2.25 years. A.R.S. §§ 13–604(A), 13–702.01(C),(D)(Supp.1998).

3. According to the transcript of the trial on the prior convictions, the first of the two forgery convictions was the prior historical felony the trial court used to enhance the defendant's sentence. However, the sentencing minute entry shows the second forgery count as the prior conviction. In either event, the prosecutor advised the court that he believed that both forgery

ther order gives any indication of the dates the defendant actually committed the crimes of which he was convicted. Thus, the trial court had no way of determining whether the historical prior felony conviction was committed within five years of the present offense. In other words, the state never presented sufficient evidence to prove the defendant's prior conviction according to the unambiguous language of A.R.S. section 13–604(U)(1)(c). *See State v. Graves*, 188 Ariz. 24, 27, 932 P.2d 289, 292 (App.1996).

 ¶ 4 Although this is not precisely the argument the defendant makes on appeal, we will not ignore fundamental error when we find it. *State v. Taylor*, 187 Ariz.

567, 571–72, 931 P.2d 1077, 1081–82 (App. 1996). Accordingly, the judgment of conviction is affirmed, but we reverse the defendant's sentence and remand this matter for re-sentencing.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and REBECCA WHITE BERCH, Judge.

---

counts had been committed on the same occasion and were, therefore, not separate prior con-

victions for the purpose of this statute. A.R.S. § 13–604(M).