SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| FACILITEC, INC., | ) Arizona Supreme Court |
| | ) No. CV-02-0412-PR |
| Plaintiff-Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CV 01-0139 |
| J. ELLIOTT HIBBS, in his capacity | ) |
| as Director of the Department of | ) Maricopa County |
| Administration for the State of | ) Superior Court |
| Arizona, | ) No. CV 99-22372 |
| | ) |
| Defendant-Appellant. | ) |
| | ) **O P I N I O N** |
| _____ | ) |


Appeal from Superior Court of Maricopa County
No. CV 99-22372
The Honorable Susan R. Bolton
The Honorable Kenneth L. Fields
The Honorable Edward O. Burke
**REVERSED AND REMANDED**

_____

Opinion of Court of Appeals Division One
204 Ariz. 39, 59 P.3d 803 (App. 2003)
**VACATED**

_____

Fennemore Craig                                                      Phoenix
     by    Timothy Berg
     and   Keith L. Hendricks
     and   Theresa Dwyer
     and   Emily Chang
Attorneys for Facilitec, Inc.

Terry Goddard, Attorney General                                      Phoenix
     by    Charles A. Grube, Assistant Attorney General
Attorneys for J. Elliott Hibbs, in his capacity as
Director of the Arizona Department of Administration

McGREGOR, Vice Chief Justice

¶1      We granted review to determine whether the Director of the Arizona Department of Administration (ADOA) may delegate to the Deputy Director authority to make the final decision on the appeal of a procurement protest.  We answer this question in the affirmative.  We exercise jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution, Rule 23 of the Arizona Rules of Civil Appellate Procedure, and Arizona Revised Statutes (A.R.S.) section 12-120.24 (2003).

## I.

¶2      ADOA solicited bids on a contract to provide office furniture to the state and awarded the contract to a bidder other than the appellee, Facilitec, Inc. (Facilitec).  Facilitec filed a protest, demanding that the contract be rescinded and that a new one be awarded.  When the state procurement officer denied the protest, Facilitec appealed to the ADOA Director, J. Elliott Hibbs (the ADOA Director or Hibbs).  Hibbs delegated the matter to the ADOA Deputy Director, William Bell (the Deputy Director or Bell).  Bell issued a Preliminary Decision and Order and then referred the matter to the Arizona Office of Administrative Hearings (OAH) for a hearing on certain identified issues.  After the hearing, the administrative law judge entered a recommended decision (the Decision).  The

Decision did not suggest that the original contract be rescinded, but it did recommend that Facilitec be awarded an additional non-exclusive contract to provide office furniture to the state. Bell rejected the administrative law judge's recommendation and issued an agency decision denying Facilitec's protest.

¶3        Facilitec filed a motion for review with Hibbs. Hibbs himself took no action, but Bell issued an order denying the motion for review.

¶4        Because Hibbs took no action within thirty days, Facilitec requested the OAH to certify the Decision as the final decision. In making that request, Facilitec relied upon A.R.S. section 41-1092.08.D, which provides:

> [I]f the head of the agency . . . does not accept, reject or modify the administrative law judge's decision within thirty days after the date the [OAH] sends a copy of the administrative law judge's decision to the head of the agency . . . the [OAH] shall certify the administrative law judge's decision as the final administrative decision.

A.R.S. § 41-1092.08.D (Supp. 2003). After OAH denied Facilitec's request, Facilitec filed a complaint in superior court.

¶5        In superior court, Facilitec again argued that because the head of the ADOA did not review the administrative law judge's Decision, the trial court should deem the Decision to be the ADOA's final decision under the terms of section 41-

3

1092.08.D. In addition, Facilitec argued that the Deputy Director lacked authority to review the Decision.

¶6 The trial court granted partial summary judgment to Facilitec, finding that "'[i]n order for the [ADOA] Director to have the power to delegate legislative or judicial functions the legislature must expressly grant the power.'" *Facilitec, Inc. v. Hibbs*, 204 Ariz. 39, 40 ¶ 5, 59 P.3d 803, 804 (App. 2002) (quoting the superior court).

¶7 The court of appeals reversed, concluding that "the Deputy Director decided Facilitec's procurement protest pursuant to a proper grant of authority from both the Arizona Legislature and the ADOA Director." *Id.* at 41-42 ¶ 14, 59 P.3d at 805-06. We granted Facilitec's petition for review to consider this recurring issue of statewide importance.

**II.**

¶8 Administrative agencies are governmental bodies "charged with administering and implementing particular legislation." Black's Law Dictionary 45 (6th ed. 1990). Because the legislature is often unable to specify detailed rules of conduct, especially in highly technical and rapidly changing fields, it frequently entrusts agencies with the responsibility for developing and implementing regulatory policy for a limited subject matter.

4

¶9     Agencies often exercise powers that are peculiar to each of the three principal branches of government. For example, agencies frequently operate under statutes that grant them *legislative power* to issue rules, *executive power* to investigate possible violations of rules or statutes and to prosecute offenders for these violations, and *judicial power* to adjudicate particular disputes regarding compliance with relevant governing standards. *See*, *e.g.*, *State ex rel. Schneider v. Bennett*, 547 P.2d 786, 791 (Kan. 1976) (stating that "administrative agencies exercise many types of power including legislative, executive, and judicial powers often blended together in the same administrative agency"); Kenneth Culp Davis, Administrative Law Text 24 (3d ed. 1972) (stating that "a typical administrative agency exercises many types of power, including executive, legislative, and judicial power").

¶10     Because agencies are creatures of statute, the degree to which they can exercise any power depends upon the legislature's grant of authority to the agency. "An agency . . . has no powers other than those the legislature has delegated to it. . . . 'Any excursion by an administrative body beyond the legislative guidelines is treated as an usurpation of constitutional powers vested only in the major branch of government.'" *Cochise County v. Kirschner*, 171 Ariz. 258, 261-62, 830 P.2d 470, 473-74 (App. 1992) (citing *Swift & Co. v.*

5

*State Tax Comm'n,* 105 Ariz. 226, 230, 462 P.2d 775, 779 (1969), *overruled on other grounds by Pittsburgh & Midway Coal Mining Co. v. Arizona Dep't of Revenue,* 161 Ariz. 135, 776 P.2d 1061 (1989)); *see also Arizona Health Care Cost Containment Sys. v. Bentley*, 187 Ariz. 229, 232, 928 P.2d 653, 656 (App. 1996) (stating that "'[t]he scope of an agency's power is measured by statute and may not be expanded by agency fiat'") (citing *Cochise County v. Arizona Health Care Cost Containment Sys.,* 170 Ariz. 443, 445, 825 P.2d 968, 970 (App. 1991)). Thus, in deciding whether the ADOA Director may delegate to the Deputy Director authority to make the final decision on the appeal of a procurement protest, we look to the statutes defining the ADOA Director's authority.

¶11      The starting point of our analysis is A.R.S. section 38-462**,** the general statute governing agency deputies. That section states: "Unless otherwise provided, each deputy of a state or county officer possesses the powers and may perform the duties prescribed by law for the office of the principal." A.R.S. § 38-462.A (2001). This broad statutory language imposes no limits upon the ability of a deputy director to perform any duty prescribed for the principal, including those set forth in section 41-1092.08.D, unless otherwise provided. Facilitec asserts that because some statutes "otherwise provide," the ADOA

6

Director improperly delegated his quasi-judicial responsibilities to the Deputy Director.

¶12    The statutes upon which Facilitec relies appear as part of A.R.S. sections 41-701 to -806 (2001 & Supp. 2003), through which the legislature created the ADOA.  Section 41-703.11 addresses the ADOA Director's authority to delegate and provides that the ADOA Director shall "*[d]elegate the administrative functions*, duties and powers as the director deems necessary to carry out the efficient operation of the department."    A.R.S. § 41-703.11 (2001) (emphasis added).  Section 41-702.A, which deals with the Deputy Director, provides:  "The director with the approval of the governor shall appoint a deputy director of the department.    The *deputy director* serves at the pleasure of the director and *shall assist the director in administering the department* by performing the duties and responsibilities that the director prescribes."  A.R.S. § 41-702.A (2001) (emphasis added).

¶13    Facilitec argues that sections 41-702.A and 41-703.11 permit the ADOA Director to delegate *administrative functions* only and that nothing in Title 41 authorizes the ADOA Director to delegate his quasi-judicial functions to the Deputy Director.  According to Facilitec, the specific language of Title 41 prevails over the general language of section 38-462.

7

¶14     Facilitec's argument that sections 41-702.A and 41-703.11 prevent the ADOA Director from delegating quasi-judicial duties because the statutes refer to delegating "administrative functions, powers and duties" and permit the Deputy Director to assist the ADOA Director "in administering the department" relies upon too narrow an interpretation of administrative duties.  As noted above, an administrative agency can exercise executive, legislative and judicial power, often blended together.  Therefore, we do not construe the legislature's reference to administrative duties in these statutes as excluding decision-making responsibilities.

¶15     Moreover, even if we were to read sections 41-702.A and 41-703.11 narrowly, we would not regard the statutes as inconsistent with section 38-462.  "[W]henever possible we adopt a construction of a statute that reconciles it with other statutes and gives force to all statutes involved."  *Achen-Gardener, Inc. v. Super. Ct.*, 173 Ariz. 48, 54, 839 P.2d 1093, 1099 (1992); *see also Pima County v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988) ("[W]hen reconciling two or more statutes, courts should construe and interpret them, whenever possible, in such a way so as to give effect to all the statutes involved.").  We see no conflict between section 38-462 and the statutes on which Facilitec relies.

¶16      Nothing in section 41-702.A or 41-703.11 *prohibits* the ADOA Director from delegating any "duties prescribed by law," including quasi-judicial duties, to the Deputy Director. Instead, sections 41-702.A and 41-703.11 provide additional instruction pertaining to the Deputy Director's responsibilities and the ADOA Director's general power to delegate duties to subordinates. Hibbs, therefore, acted within his statutory authority under section 38-462 in delegating review of procurement protests to Bell.

¶17      Another indication that the legislature intended to permit the ADOA Director to delegate to the Deputy Director authority to make the final decision on the appeal of a procurement protest is that the legislature did not prohibit him from doing so. In other instances, the legislature has expressly restricted the exercise of powers. For example, A.R.S. section 41-1604 enumerates the duties and responsibilities of the Director of the Arizona Department of Corrections. Section 41-1604.B.2.d states that the director "shall not delegate" the responsibilities set forth in A.R.S. section 41-1604.A.1-5. A.R.S. § 41-1604.B.2.d (1999 & Supp. 2003). The legislature has not included such a prohibition in the ADOA statutes, which indicates that the legislature intended to permit the ADOA Director to delegate his powers, as permitted by section 38-462.

¶18     In addition to arguing that Title 41 "otherwise provides," Facilitec contends that the ADOA Director cannot delegate quasi-judicial duties absent express legislative approval. In support of this argument, Facilitec relies on two court of appeals opinions, *Godbey v. Roosevelt School District No. 66 of Maricopa County*, 131 Ariz. 13, 638 P.2d 235 (App. 1981), and *Cactus Wren Partners v. Arizona Department of Building & Fire Safety*, 177 Ariz. 559, 869 P.2d 1212 (App. 1993). Facilitec's reliance on these cases is misplaced.

¶19     In *Godbey*, the acting school superintendent, without prior formal approval from the Board of Trustees, issued an administrative order requiring every teacher requesting paid sick leave to provide a doctor's certificate stating that the teacher was ill. 131 Ariz. at 15, 638 P.2d at 237. The teachers sued, claiming that the superintendent lacked power to issue the administrative order without either prior Board delegation of authority or express legislative authorization in the absence of prior Board approval. *Id.* at 19, 638 P.2d at 241. The court of appeals found in favor of the teachers, stating: "If the action of the superintendent is characterized as 'ministerial or administrative', then the power was delegable without express legislative authorization. If the action is characterized as 'legislative or judicial', then the power was not so delegable." *Id.* at 19-20, 638 P.2d at 242.

¶20    Facilitec argues that *Godbey* stands for the proposition that a quasi-judicial function is not delegable unless explicitly permitted by statute.  We disagree with this broad interpretation of *Godbey*.  In *Godbey*, no statute authorized the delegation of authority to the superintendent. Here, A.R.S. section 38-462 expressly gives the Deputy Director power to exercise all authority possessed by the ADOA Director.

¶21    *Cactus Wren* is similarly inapposite.  In that case, tenants of the Desert Skies Mobile Home Park filed a petition with the Arizona Department of Building and Fire Safety (the Department) challenging Cactus Wren Partners' (Cactus Wren) charges for trash removal and sewage services as violative of the Arizona Mobile Home Parks Residential Landlord and Tenant Act (the Act).  177 Ariz. at 561, 869 P.2d at 1214.  A mobile home parks hearing officer of the Department determined that the sewage disposal and trash collection fees violated the Act and required the refund of or rental credit for these overcharges. *Id.*  Cactus Wren sought judicial review, claiming that the consideration and resolution of conflicts regarding the Act by the Department's hearing officer unconstitutionally infringed upon the powers of the judiciary.  *Id.*  The court of appeals recognized a difference between the operation or administration of an agency and an agency's quasi-judicial responsibilities and found that the Department's hearing officer did perform a

11

function "judicial" in nature, but concluded that no separation of powers violation occurred. *Id.* at 562-63, 869 P.2d at 1215-16.

¶22    *Cactus Wren* provides little assistance in this case. There, the issue was whether the legislature had power to permit the Department's hearing officer to consider and resolve conflicts regarding the Act, or whether this remedy was reserved to the judicial branch of government. The case before us presents no separation of powers issue. All parties acknowledge that the legislature has the power to create the administrative remedy provided to Facilitec.

¶23    Like *Godbey*, *Cactus Wren* does not support Facilitec's argument that, despite the broad language of section 38-462, the Deputy Director could exercise the ADOA Director's quasi-judicial power only if the legislature expressly granted the ADOA Director authority to delegate that power to the Deputy Director. In crafting section 38-462, the legislature intended to confer upon the ADOA Director authority to delegate his powers, including quasi-judicial powers, to the Deputy Director, and no additional legislative delegation of authority is needed.

## III.

¶24    For the foregoing reasons, we vacate the decision of the court of appeals, reverse the judgment of the superior court, and remand to the superior court for further proceedings

consistent with this opinion.

_____
Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice

13