IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

R. L. WHITMER, *Plaintiff/Appellant,*

*v.*

HILTON CASITAS HOMEOWNERS ASSOCIATION, *et al.,*
*Defendants/Appellees.*

No. 1 CA-CV 17-0543
FILED 7-10-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-055080
The Honorable Aimee L. Anderson, Judge

**REVERSED AND REMANDED**

COUNSEL

R.L. Whitmer, Scottsdale
*Plaintiff/Appellant*

Shaw & Lines LLC, Phoenix
By Augustus H. Shaw IV, Patrick J. Whelan
*Counsel for Defendants/Appellees*

_____

**OPINION**

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge James B. Morse Jr. and Judge Lawrence F. Winthrop joined.

_____

**C A T T A N I**, Judge:

¶1　　　　R.L. Whitmer appeals from the superior court's judgment dismissing his complaint against Hilton Casitas Homeowners Association ("Hilton Casitas") for lack of subject matter jurisdiction. Whitmer's complaint sought to enforce a final decision resulting from a prior administrative dispute resolution proceeding, part of a process to adjudicate disputes between an owner and a homeowners' association concerning compliance with condominium documents and governing statutes. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 32-2199 to -2199.05. Given the statutory directive that such decisions are "enforceable through contempt of court proceedings," A.R.S. § 32-2199.02(B), and absent any authority establishing that the administrative tribunal itself has jurisdiction to enforce such orders by contempt or otherwise, we hold that the superior court has subject matter jurisdiction to do so. Accordingly, and for reasons that follow, we reverse the dismissal and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Hilton Casitas is the homeowners' association for a property in Scottsdale subject to Arizona's laws governing condominiums. *See* A.R.S. tit. 33, ch. 9. Whitmer is a residence owner and a member of Hilton Casitas.

¶3　　　　In 2014, Whitmer filed an administrative petition alleging that Hilton Casitas had violated statutory provisions governing procedures for adopting or amending a budget (specifically, that Hilton Casitas had overspent on legal fees without receiving owners' approval of the increase).[1] *See* A.R.S. § 33-1243(D). The dispute went to a hearing before an

_____

[1]　　　　As relevant here, Arizona law allows administrative adjudication of disputes between an owner and a homeowners' association concerning compliance with condominium documents or the statutes governing condominiums. *See* A.R.S. §§ 32-2199 to -2199.05; *see also* A.R.S. §§ 41-2198

administrative law judge ("ALJ") in the Office of Administrative Hearings ("OAH"), and the ALJ issued a decision in Whitmer's favor concluding that Hilton Casitas had failed to comply with the statutory provision for amending its budget, and ordered Hilton Casitas to "fully comply with the [statutory requirement] in the future."  Hilton Casitas did not seek judicial review, *see* A.R.S. § 32-2199.02(B), and the ALJ's order became final.

**¶4**　　　　　Two years later, Whitmer filed this complaint in superior court alleging that Hilton Casitas had failed to comply with the ALJ's order and seeking enforcement of the decision by contempt.  Hilton Casitas answered, then moved to dismiss for (as relevant here) lack of subject matter jurisdiction.  *See* Ariz. R. Civ. P. 12(b)(1).  Whitmer opposed the motion and included as an exhibit an informational article from OAH, which included the following statement explaining OAH's view that the superior court was the proper forum for enforcement proceedings:

> If the petition item has been decided by a court or previously has been addressed in a hearing before the OAH, it cannot be revisited.  OAH has no authority for contempt proceedings or enforcement of prior decisions.  However, failure by a party to comply with a decision issued by the OAH may result in the other party seeking enforcement of the Administrative Law Judge's decision through a contempt of court proceeding in Superior Court.

After full briefing, the superior court granted the motion to dismiss, reasoning that the court's jurisdiction was limited to judicial review of the ALJ's ruling (not at issue here) and did not include authority to consider an action to enforce an administrative order by contempt.  The court acknowledged the statutory provision stating that the ALJ's order "is enforceable through contempt of court proceedings," *see* A.R.S. § 32-2199.02(B), but concluded that the proper forum for such contempt proceedings "is the Administrative Courts, not the Superior Court."

---

to -2198.05 (2014).  The relevant statutory provisions have been renumbered (and redirected from the Department of Fire, Building and Life Safety to the Department of Real Estate) since the time Whitmer filed his petition.  *See* 2016 Ariz. Sess. Laws ch. 128, §§ 30–35 (52d Leg., 2d Reg. Sess.).  We cite to the current version of the statutes because the provisions material to this decision were not substantively changed.  *Compare* A.R.S. §§ 32-2199 to -2199.05, *with* A.R.S. §§ 41-2198 to -2198.05 (2014).

**¶5**　　　　Whitmer then emailed OAH, noting the court's ruling and requesting information regarding where to file his contempt complaint. In response, OAH's acting director stated that "there is nothing in OAH's enabling statutes (ARS § 41-1092 et. seq.), that would enable OAH to enforce its own decisions through contempt proceedings that it would hold." Whitmer then filed a timely motion for reconsideration in superior court, attaching as exhibits his correspondence with OAH. After the superior court denied reconsideration, Whitmer filed a motion for new trial, which the court also denied.

**¶6**　　　　The superior court awarded attorney's fees to Hilton Casitas and entered a final judgment dismissing the case. Whitmer timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).[2]

## DISCUSSION

### I. Dismissal for Lack of Subject Matter Jurisdiction.

**¶7**　　　　Whitmer challenges the superior court's determination that it lacked subject matter jurisdiction to consider his complaint. As there are no jurisdictional facts in dispute, we review the court's ruling de novo. *Falcone Bros. & Assocs. v. City of Tucson*, 240 Ariz. 482, 487, ¶ 10 (App. 2016).

**¶8**　　　　Hilton Casitas argues, and the court agreed, that the superior court lacked subject matter jurisdiction to consider contempt of the ALJ's order, and that OAH itself was the only proper forum for a proceeding to enforce a prior OAH decision under § 32-2199.02(B). But the superior court is a court of general jurisdiction and has "original jurisdiction of . . . [c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court." Ariz. Const. art. 6, § 14(1); *see also id.* § 14(11) (original jurisdiction of "[s]pecial cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law"); A.R.S. § 12-123(A). And Hilton Casitas has presented no authority establishing that OAH has authority to enforce its ALJ's decision through contempt proceedings, much less that OAH has exclusive jurisdiction to do so.

---

[2]　　　Although "[t]his court lacks jurisdiction over an appeal from a civil contempt adjudication," *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003), the issue here is whether the superior court properly concluded that it lacked subject matter jurisdiction to hear the request for a contempt finding. *See, e.g.*, *Falcone Bros. & Assocs., Inc. v. City of Tucson*, 240 Ariz. 482, 487, ¶ 10 (App. 2016); *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz County*, 233 Ariz. 460, 462–63, ¶ 9 (App. 2013).

**¶9**     The administrative dispute resolution process at issue here—which produced the ALJ decision Whitmer seeks to enforce—refers contested cases for adjudication before OAH, pursuant to OAH's procedures. A.R.S. §§ 32-2199, -2199.01(D). The ALJ hearing the case "may order any party to abide by the statute [or] condominium documents . . . and may levy a civil penalty on the basis of each violation." A.R.S. § 32-2199.02(A). The ALJ's final order is subject to judicial review if a party properly and timely appeals it. *See* A.R.S. §§ 32-2199.02(B), 41-1092.08(H), 12-901 to -914. Otherwise, the ALJ's order binds the parties and "is enforceable through contempt of court proceedings." A.R.S. § 32-2199.02(B).

**¶10**     Hilton Casitas urges that § 32-2199.02(B) grants OAH exclusive jurisdiction to enforce the ALJ's order by contempt. Hilton Casitas suggests that because § 32-2199.02(B) references A.R.S. § 41-1092.08 (which provides for an appeal to the superior court in accordance with the provisions governing judicial review of administrative decisions, *see* A.R.S. §§ 12-901 to -914), the superior court's jurisdiction with regard to the ALJ's order is limited to providing judicial review in its appellate capacity. But § 32-2199.02(B) expressly allows for both judicial review *and* enforcement: "The order issued by the administrative law judge is enforceable through contempt of court proceedings *and* is subject to judicial review as prescribed by § 41-1092.08." (Emphasis added.) And, with regard to enforcement, § 32-2199.02(B) contemplates enforcing the ALJ's order through contempt *of court* proceedings; the statute does not reference contempt of "the office" or "the department." *Compare* A.R.S. § 40-424(A) (describing penalties for "contempt of commission" based on failure to comply with Arizona Corporation Commission orders, rules, or requirements).

**¶11**     Unlike the courts, which have inherent contempt power, *see Owen v. City Court*, 123 Ariz. 267, 268 (1979), an agency only has the powers delegated to it by the Legislature. *Facilitec, Inc. v. Hibbs*, 206 Ariz. 486, 488, ¶ 10 (2003). OAH's statutory authority extends to adjudicating "contested cases" (proceedings in which a party's legal rights or duties are determined by an agency after an administrative hearing, *see* A.R.S. § 41-1001(5)) and "appealable agency actions" (actions other than contested cases in which an agency determines a party's legal rights or duties, *see* A.R.S. § 41-1092(3)). *See* A.R.S. § 41-1092.02(A). A contempt proceeding of this nature—seeking enforcement of the parties' legal rights or duties that were previously determined by the final decision in a prior administrative proceeding—does not fit the definition of either an appealable agency action or a contested case. *See also* A.R.S. § 32-2199.01(A) (providing for administrative dispute resolution "concerning violations of condominium documents . . .

or violations of the statutes that regulate condominiums," not violations of previously issued administrative orders).

¶12        And OAH's mandate does not include enforcement authority generally, much less contempt powers. *See generally* A.R.S. §§ 41-1092 to -1092.12. For example, although OAH's enabling statutes grant the ALJ authority to subpoena witnesses, the ALJ must apply to the superior court to enforce the subpoena—including by contempt—should the witness fail to comply. *See* A.R.S. §§ 41-1092.07(C), 12-2211; *see also* A.R.S. §§ 41-1062(A)(4), 12-2212(B) (noting that an officer presiding over a contested case may issue subpoenas and, should the witness subpoenaed fail to comply, the officer may apply to the superior court, which "shall thereupon proceed as though such failure had occurred in an action pending before it"). And although not dispositive, OAH's position in documents provided by Whitmer to the superior court similarly reflects OAH's understanding that it lacks statutory authorization or capacity to hold contempt proceedings.

¶13        Hilton Casitas argues that the regulations governing OAH's prehearing and hearing procedures provide a mechanism for OAH to conduct contempt of court proceedings. The regulation on which Hilton Casitas relies, however, is a catch-all provision for *procedural* rules, not a substantive grant of authority to conduct enforcement proceedings. *See* A.A.C. R2-19-102(C) ("If a procedure is not provided by statute or these rules, an administrative law judge may issue an order using the Arizona Rules of Civil Procedure and related local rules of guidance."); *see also generally* A.A.C. tit. 2, ch. 19, art. 1 (setting forth procedural rules for OAH proceedings). And even if that regulation purported to expand OAH's statutory grant of authority, it cannot do so. *See Ariz. Health Care Cost Containment Sys. v. Bentley*, 187 Ariz. 229, 232 (App. 1996) ("The scope of an agency's power is measured by statute and may not be expanded by agency fiat.") (citation omitted).

¶14        We recognize a certain dissonance in the superior court conducting proceedings to consider a party's refusal to follow an order issued by a separate administrative forum. But the statutory schemes governing several administrative bodies allow the superior court to act as a forum for such contempt proceedings. *See* A.R.S. §§ 41-1092.07(C), 12-2211 (allowing an OAH ALJ to subpoena witnesses and apply to the superior court to enforce the subpoena, including by contempt); A.R.S. §§ 41-1062(A)(4), 12-2212(B) (allowing an administrative officer conducting a contested case to apply to the superior court to remedy a witness's noncompliance with a subpoena "as though such failure had occurred in an action pending before [the court]"); *see also* A.R.S. § 32-148 (authorizing an

administrative board to certify a person who refuses to obey its subpoena "to the superior court in the county in which service was made for contempt proceedings"); A.R.S. § 23-677 (authorizing an administrative department to apply to the superior court in the case of "contumacy or refusal of a person to obey a subpoena," upon which the court "shall issue" an order to comply, and failure to so comply "may be punished by the court as a contempt thereof"); A.R.S. § 44-3134(A) (same authorization for a different commission), (B) (authorizing "the superior court in Maricopa county [to] exercise its contempt powers" on application of the commission for a person's willful noncompliance with a nondisclosure order in a subpoena).

¶15    Accordingly, the superior court erred by concluding that OAH had jurisdiction to enforce the ALJ's order by contempt, much less *exclusive* jurisdiction (assuming OAH qualifies as "another court") depriving the superior court of original jurisdiction to consider Whitmer's enforcement action. *See* Ariz. Const. art. 6, § 14(1); *see also* A.R.S. § 12-864 (describing civil contempts to include failure to obey the superior court's order as well as "all other contempts not specifically embraced within this article"). We therefore reverse the judgment of dismissal and remand for further proceedings.

## II.    Attorney's Fees in Superior Court.

¶16    Whitmer also challenges the superior court's award of attorney's fees in favor of Hilton Casitas. The basis for the award is unclear. The judgment reflects an award to Hilton Casitas as the prevailing party, but Hilton Casitas' application for fees only urged an award as a sanction under A.R.S. §§ 12-349 and -350 or under Arizona Rule of Civil Procedure 11. The superior court made no findings under § 12-350 as required to support an award under § 12-349, and the record shows no indication that Hilton Casitas complied with the procedural prerequisites for an award under Rule 11(c). Given our disposition reversing dismissal, however, we vacate the award and do not further address the issue of fees in superior court.

## III.    Attorney's Fees and/or Sanctions on Appeal.

¶17    Hilton Casitas requests an award of attorney's fees incurred on appeal, but cites only ARCAP 21 without stating a substantive basis for the award. For that reason, *see* ARCAP 21(a)(2), and given that Hilton Casitas did not prevail on appeal, we decline its request for attorney's fees.

¶18    Whitmer requests that we impose sanctions on Hilton Casitas under ARCAP 25. In an exercise of our discretion, we decline to do so. As

the prevailing party, however, Whitmer is entitled to costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶19** For the foregoing reasons, we reverse the judgment of dismissal and remand for further proceedings. In light of this disposition, we vacate the superior court's award of attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED: AA