SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                   )  Arizona Supreme Court
                                    )  No.  CR-08-0368-PR
                                    )
                        Appellee,   )  Court of Appeals
                                    )  Division One
                                    )  No.  1 CA-CR 07-0803
             v.                     )
                                    )  Maricopa County
                                    )  Superior Court
ROBERT EUGENE ALLEN, JR.,           )  No.  CR2006-175598-001 DT
                                    )
                                    )  **O P I N I O N**
                        Appellant.  )
_____     )


Appeal from the Superior Court in Maricopa County
The Honorable Paul J. McMurdie, Judge

**AFFIRMED**
_____


Opinion of the Court of Appeals, Division One
220 Ariz. 430, 207 P.3d 683 (2008)

**VACATED IN PART**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel
          Criminal Appeals/Capital Litigation Section
          Sarah E. Heckathorne, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER             Phoenix
     By   Christopher V. Johns, Deputy Public Defender
Attorneys for Robert Eugene Allen, Jr.
_____


**B E R C H**, Chief Justice

¶1      This case addresses whether a court must engage a

defendant who stipulates to the elements of a criminal offense in a colloquy like that afforded a defendant who pleads guilty. We conclude that, unless the defendant pleads guilty to an offense, no specific colloquy is required by *Boykin v. Alabama*, 395 U.S. 238 (1969), or Arizona Rule of Criminal Procedure 17.

## I.  FACTS AND PROCEDURAL BACKGROUND

¶2      Two undercover Phoenix police officers heard screams as they drove through their assigned neighborhood on December 8, 2006.  They saw Robert Eugene Allen, Jr., carrying a gun and chasing a woman, who was screaming "help, help me."

¶3      The officers followed the two into a parking lot, where they saw Allen standing over the kneeling woman, holding the gun to her head.  When the officers identified themselves and drew their weapons, Allen fled.  The officers went to the woman, who identified herself as Allen's mother.

¶4      Two other officers pursued Allen and saw him throw an object into a dumpster and heard a sound "like metal on metal." They later retrieved a .38 caliber revolver from the dumpster. After apprehending Allen, they found some marijuana and thirteen rounds of .38 special ammunition in his pockets.

¶5      Allen admitted carrying the gun while chasing his mother, but denied pointing it at her.  Allen also admitted that he was prohibited from possessing a firearm and that the marijuana belonged to him.

¶6    The State tried Allen on one count each of aggravated assault, disorderly conduct, misconduct involving a weapon, and possession of marijuana. On the second day of trial, the parties asked the judge to read two stipulations to the jury:

> The defendant and the State stipulate that the defendant is a prohibited possessor.

> The defendant and the State stipulate that the defendant was in possession of a usable amount of marijuana on December 8th, 2006.

¶7    The jury found Allen guilty of all four charges, but the court dismissed the disorderly conduct charge as subsumed in the aggravated assault verdict. At the sentencing hearing, Allen admitted having two prior felony convictions. The court sentenced him to varying concurrent prison terms, the longest of which was ten years for the aggravated assault conviction.

¶8    The court of appeals affirmed Allen's convictions and sentences for aggravated assault and misconduct involving weapons, but remanded the conviction and sentence for possession of marijuana. *State v. Allen*, 220 Ariz. 430, 431 ¶ 1, 207 P.3d 683, 684 (App. 2008). The court held that because Allen's stipulation regarding marijuana possession was the "functional equivalent of a guilty plea," the superior court committed fundamental error by not "engaging defendant in a Rule 17-type colloquy and ascertaining that he voluntarily and intelligently entered the stipulation regarding the marijuana charge." *Id.* at

- 3 -

435 ¶¶ 21-22, 207 P.3d at 688.

¶9    The court observed that Allen was bound by his counsel's tactical stipulations, absent some "exceptional circumstance." *Id.* at 433-34 ¶ 18, 207 P.3d at 686-87 (citing *State v. West*, 176 Ariz. 432, 447, 862 P.2d 192, 207 (1993), *overruled on other grounds by State v. Rodriguez*, 192 Ariz. 58, 961 P.2d 1006 (1998)). Because defense counsel had strategically decided to stipulate to Allen's prohibited possessor status to avoid the prejudice that might result from the jurors hearing why Allen was prohibited from possessing a weapon, the court held that no exceptional circumstance required his personal waiver and thus no colloquy was required. *Id.* at 434 ¶ 18, 207 P.3d at 687. But because the court could think of no strategic reason for stipulating to two out of three elements of the marijuana offense and not contesting the third, it concluded that the stipulation was "the functional equivalent of a guilty plea," presenting an exceptional circumstance that required a plea colloquy. *Id.* at ¶¶ 19-22, 207 P.3d at 687-88.[1] The court held that the trial judge's failure to engage Allen in

---

[1]    The trial court instructed the jury that a possession of marijuana charge requires proof that (1) the defendant knowingly possessed marijuana, (2) the substance was in fact marijuana, and (3) the quantity of substance was a usable amount of marijuana. *Allen*, 220 Ariz. at 434 ¶ 19, 207 P.3d at 687. It further instructed that "possess" means "knowingly [] hav[ing] physical possession." *Id.* (alterations in original). Thus, Allen expressly stipulated to facts that would support the jury's finding of two of the three elements of the offense.

a plea colloquy constituted fundamental error and remanded the case for a determination of whether the lack of a colloquy prejudiced Allen. *Id.* at 435 ¶ 22, 207 P.3d at 688.

¶10 The State petitioned for review, which we granted to determine whether a *Boykin* or Rule 17 colloquy is required when a defendant stipulates to elements of a charged criminal offense. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution.

## II. DISCUSSION

¶11 Parties routinely stipulate to easily proven facts, and courts encourage such stipulations "to narrow issues and to promote judicial economy." *West*, 176 Ariz. at 447, 862 P.2d at 207. Although stipulations may bind the parties and relieve them of the burden of establishing the stipulated facts, stipulations do not bind the jury, and jurors may accept or reject them. *State v. Virgo*, 190 Ariz. 349, 353, 947 P.2d 923, 927 (App. 1997).[2]

¶12 Allen argues that because he stipulated to two out of

---

[2] The superior court instructed the jury incorrectly regarding the two stipulations. In the preliminary jury instructions, the court told the jurors that "if the lawyers for both parties agree or stipulate that some particular fact is true, you should accept it as true." The law provides, however, that jurors need not accept the parties' stipulations or find the facts to which the parties stipulated. *See State v. Carreon*, 210 Ariz. 54, 64 ¶¶ 47-48, 107 P.3d 900, 910 (2005); *Virgo*, 190 Ariz. at 353, 947 P.2d at 927. The trial court did not address stipulations in the final jury instructions, and Allen did not challenge the preliminary instructions on appeal.

three elements of the marijuana offense (possession of a usable quantity of marijuana) and did not contest the third element (that his possession was "knowing"), his stipulation was the practical equivalent of a guilty plea, and therefore due process concerns similar to those inherent in pleading guilty should have triggered *Boykin* and Rule 17 colloquy requirements.

## A.   Federal Constitutional Requirements:  *Boykin v. Alabama*

¶13      Pleading guilty to a criminal offense has significant consequences.  As the Supreme Court has explained, a "plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."  *Boykin*, 395 U.S. at 242 (citing *Kercheval v. United States*, 274 U.S. 220, 223 (1927)).  Because a defendant waives several constitutional rights when pleading guilty — including the privilege against self-incrimination, the right to trial by jury, the right to proof of guilt beyond a reasonable doubt, and the opportunity to confront accusers — the trial judge, to satisfy due process concerns, must ensure that the defendant understands the rights being waived and enters the plea agreement knowingly and voluntarily.  *Id*. at 242-43.

¶14      Allen acknowledges that he did not enter a guilty plea. Nonetheless, he argues, because he stipulated to most of the elements of the crime of possession of marijuana, the court

should have advised him of his rights before reading the stipulation to the jury. But stipulations to facts combined with "not guilty" pleas are "simply not equivalent to a guilty plea for *Boykin* purposes, even if the stipulation is to all elements necessary to a conviction and even if it might appear to a reviewing court that the stipulation serves little purpose." *Adams v. Peterson*, 968 F.2d 835, 842 (9th Cir. 1992); *see also Florida v. Nixon*, 543 U.S. 175, 188 (2004) (finding defense counsel's statements to jury conceding defendant's guilt not "the functional equivalent to a guilty plea"). The constitution does not compel a full *Boykin* colloquy in the absence of a formal guilty plea. *See Adams*, 968 F.2d at 841; *see also id.* at 845 (Kozinski, J., concurring) (observing that *Boykin* established a prophylactic rule rather than a constitutional requirement). Thus, *Boykin* does not require a colloquy in this case.

**B. The "Tantamount to a Guilty Plea" Standard**

¶15 Allen contends, and the court of appeals concluded, that a colloquy was required because Allen's stipulation on the marijuana charge gave up so much that it was the practical equivalent of a guilty plea. *Allen*, 220 Ariz. at 434 ¶ 19, 207 P.3d at 687. At one time, Arizona cases extended the *Boykin* colloquy requirement to a stipulation that was "tantamount to a guilty plea." *See, e.g., State v. Woods*, 114 Ariz. 385, 388,

- 7 -

561 P.2d 306, 309 (1977); *State v. Gaines*, 113 Ariz. 206, 207, 549 P.2d 574, 575 (1976); *State v. Crowley*, 111 Ariz. 308, 310, 528 P.2d 834, 836 (1974). Nearly thirty years ago, however, we explicitly rejected the "tantamount to a guilty plea" standard as unworkable. *State v. Avila*, 127 Ariz. 21, 23, 617 P.2d 1137, 1139 (1980).

¶16 In *Avila*, the defendant submitted his case to the court for determination based solely on the preliminary hearing transcript and a police report. *Id.* at 22, 617 P.2d at 1138. We noted that while "it must appear from the record that the waiver was knowingly, intelligently and voluntarily made," defining when a submission became the functional equivalent of a guilty plea had proven difficult. *Id.* at 25, 617 P.2d at 1141. We observed that if a proffered submission does not concede all elements of an offense, the judge may not know when it is offered whether it is "tantamount to a guilty plea," or whether the defendant will instead vigorously contest the remaining elements of the charge. *Id.* at 24, 617 P.2d at 1140. We also noted "the unfair advantage permitted the accused" provided by the "tantamount to a guilty plea" standard. *Id.* It allowed a defendant to essentially plead guilty, yet retain rights typically waived when entering a guilty plea, such as the "right to test searches, [the] right to challenge the voluntariness of pretrial admissions, and [the] right to test identification on

- 8 -

appeal." *Id.*

¶17     The standard creates other problems as well.  It may cause interruptions in a trial to ascertain whether warnings are required and, if so, to give them.  *See Adams*, 968 F.2d at 840 (relying on *United States v. Terrack*, 515 F.2d 558 (9th Cir. 1975)).  Concurring in *Adams*, Judge Kozinski observed that "it would be entirely unworkable to demand a *Boykin* inquiry every time the defense and prosecution come to some arrangement . . . that narrows the issues for trial."  *Id.* at 846.  Moreover, such a standard requires inappropriate judicial speculation as to defense counsel's trial strategy.  *Id.* at 842.  Presumably, if the court can imagine a strategy, the stipulation may be accepted without the necessity of warnings.  If, however, the court cannot identify a reason for a stipulation, a colloquy is required.  Courts should not have to guess whether a stipulation will turn out to be strategic or tactical or whether stipulations are sufficiently significant that they will be "like pleading guilty."  For these reasons, we once again reject the "tantamount to" or "functional equivalent of" a guilty plea standard.

**C.   Requirements Under Arizona Rule Of Criminal Procedure 17**

¶18     Arizona Rule of Criminal Procedure 17 requires a judge to advise a defendant in open court of the consequences of

pleading guilty or no contest[3] and to ensure that the defendant wishes to forgo the constitutional rights involved. Ariz. R. Crim. P. 17.1-17.4. Rule 17.6 requires the court to ascertain whether a defendant's admission of a prior conviction is knowing and voluntary. *Id.* R. 17.6; *State v. Morales*, 215 Ariz. 59, 60 ¶ 1, 157 P.3d 479, 480 (2007).

¶**19** Allen acknowledges that he did not plead guilty or no contest and thus Rule 17.2 and 17.3 do not apply to his case. Rule 17.6 also does not apply, because he does not challenge the trial court's finding of two prior convictions. Nonetheless, Allen urges that, just as Rule 17.6 requires a plea colloquy for stipulations to prior convictions, which are like elements of a crime, we should similarly require a colloquy whenever a defendant stipulates to facts that constitute elements of a crime. He asserts that the reasoning in *Morales*, 215 Ariz. at 60 ¶ 1, 157 P.3d at 480, compels that result. *Morales*, however, was grounded in the language of Rule 17.6 and relates solely to prior convictions. *See id.* at 61 ¶¶ 7-8, 157 P.3d at 481. Allen points to no language in Rule 17 compelling a similar result for his evidentiary stipulations.

¶**20** In the absence of a guilty or no-contest plea or a stipulation to a prior conviction, nothing in Rule 17 requires a

---

[3] These rights include the range of sentence as well as the immigration consequences. Ariz. R. Crim. P. 17.2(b), (f).

trial court to engage a stipulating defendant in a formal plea colloquy. Although a prudent trial judge may opt to confirm on the record that the defendant understands the consequences of the stipulation, recognizes the constitutional rights he will forgo, and agrees with the decision to stipulate, neither *Boykin* nor Arizona Rule of Criminal Procedure 17 compels a colloquy.

## D. Ineffective Assistance of Counsel Claim

¶21 The State argues that Allen's claim is, in effect, an ineffective assistance of counsel claim that should have been raised in a Rule 32 proceeding rather than by direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002). Although we agree that ineffective assistance claims must be raised in Rule 32 proceedings, we disagree that Allen has raised such a claim here. Instead, Allen has claimed that a *Boykin*-type colloquy was required, and none was given. We have rejected that claim, which rests solely on the record below, as a matter of law. But to the extent a defendant claims that his lawyer failed to obtain the client's informed consent to a stipulation, failed to adequately explain a stipulation, or suggested a stipulation that proved to be unwise, such claims require evidence outside the record for resolution and therefore must be raised in a Rule 32 proceeding.

## III. CONCLUSION

¶22 *Boykin* and the Arizona Rules of Criminal Procedure

require a trial court to advise a defendant of the constitutional rights he or she waives when pleading guilty. When a defendant pleads not guilty, but stipulates to elements of an offense, a trial court need not engage the defendant in a colloquy under *Boykin* or Rule 17. The opinion of the court of appeals is vacated in part and the judgment of the superior court is affirmed.

_____
Rebecca White Berch, Chief Justice

CONCURRING:

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice