NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ZAKARIYA SALAZAR, *Appellant.*

No. 1 CA-CR 13-0293
FILED 4-3-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-136389-002
The Honorable Robert E. Miles, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld

*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**N O R R I S,** Judge:

**¶1**        Zakariya Salazar timely appeals from his convictions and sentences for two counts of misconduct involving weapons and one count each of misconduct involving body armor, possession of dangerous drugs (methamphetamine), and possession of drug paraphernalia.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Salazar's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Salazar to file a supplemental brief *in propria persona*, but he did not do so.  After reviewing the entire record, we find no fundamental error and therefore affirm Salazar's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On July 10, 2012, at approximately 6:34 a.m., Salazar and a passenger drove into Salazar's driveway after being pulled over for a traffic stop by Phoenix police.  Salazar got out of his truck and began walking toward his house.  One of the officers asked Salazar to return, and Salazar did so.  The officer noticed Salazar was wearing what he believed to be body armor.  The officer asked Salazar if he was wearing body armor, and Salazar confirmed that he was.  Salazar also told the officer there was an AK-47 in his truck.

**¶3**        The officer then detained Salazar, handcuffed him, patted him down, and found a pill bottle in Salazar's pocket.  The officer asked Salazar if the pill bottle contained illegal drugs, and Salazar admitted it did.  The officer then opened the pill bottle and saw what he thought to be

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Salazar**.** *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989) (citing *State v. Tyson*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981)).

illegal drugs.  The officer arrested Salazar.  Tests later confirmed the pill bottle contained methamphetamine.

¶4        After the officer arrested Salazar, Salazar told the officer he was a convicted felon and knew he was not supposed to be in possession of firearms.  The officer then checked to see if Salazar had firearms in his truck and found a loaded AK-47 lying on the seat and a loaded 9 millimeter handgun on the floorboard.

¶5        A grand jury indicted Salazar for two counts of misconduct involving weapons and one count each of misconduct involving body armor, possession or use of dangerous drugs (methamphetamine), and possession of drug paraphernalia.  At trial, Salazar stipulated he was a prohibited possessor under Arizona law because he had been convicted of a felony in 2004 and his rights had not been restored.  A 12-person jury convicted Salazar of all counts.

¶6        At sentencing, the superior court found Salazar had been convicted of one prior felony. *See infra* ¶ 9.  The court sentenced Salazar to the presumptive terms of 4.5 years for each count of misconduct involving weapons, misconduct involving body armor, and possession of dangerous drugs and a presumptive term of 1.75 years for the count of possession of drug paraphernalia, with all sentences to run concurrently.  Salazar received 254 days of presentence incarceration credit.

## DISCUSSION

¶7        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Salazar received a fair trial.  Counsel represented Salazar at all stages of the proceedings, and Salazar was present at all critical stages.

¶8        The State presented substantial evidence that supported the verdicts.  The superior court properly empanelled a 12-person jury and instructed the jury on the elements of the charges, Salazar's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The court received and considered a presentence report, Salazar addressed the court at the sentencing hearing, and the court imposed sentences within the range of acceptable sentences for Salazar's offenses.

¶9        At trial, Salazar stipulated to multiple facts, including that he was a convicted felon and a prohibited possessor -- required elements

for two of the charged offenses. *See* A.R.S. § 13-3101(A)(7)(b) (Supp. 2013); *see also* A.R.S. § 13-3102(A)(4) (Supp. 2013). We note, however, the superior court did not instruct the jury that it could accept or reject the stipulations. *See State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009) (citation omitted); *see also* Rev. Ariz. Jury Instr. Stand. Crim. 3. Even so, Salazar was not prejudiced by this because the court informed him of the rights he was giving up and the effect his stipulation would have on possible sentencing ranges. Further, at the sentencing hearing, the State introduced into evidence certified records of his prior conviction.[2]

## CONCLUSION

**¶10**        We decline to order briefing and affirm Salazar's convictions and sentences.

**¶11**        After the filing of this decision, defense counsel's obligations pertaining to Salazar's representation in this appeal have ended. Defense counsel need do no more than inform Salazar of the outcome of this appeal and his future options unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

---

[2]The superior court also gave the jury a final jury instruction regarding stipulations that contradicted the preliminary jury instruction it gave to the jury regarding stipulations. In the preliminary instructions, the court stated: "[I]f the lawyers for both parties agree or stipulate that some particular fact is true, you should accept it as the truth," but in the final instructions, the court did not instruct the jury it should accept stipulated facts as true. Instead, it informed the jury: "The lawyers are permitted to stipulate that certain facts exist. This means that both sides agree those facts do exist and are part of the evidence." Although these instructions were not consistent, in the final instructions the court also told the jury that the preliminary instructions "still apply unless contradicted by these instructions." Thus, the court essentially required the jury to compare the preliminary instructions with the final instructions and decide which set of instructions governed with respect to stipulations. To avoid jury confusion, the superior court should have provided the jury with final instructions that were full and complete. Nevertheless, for the reasons discussed above, Salazar was not prejudiced by the court's instructions regarding stipulations.

4

**¶12** Salazar has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Salazar 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: MJT