NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

ALBERTO CORRALES, *Appellant*.

No. 1 CA-CR 15-0399
FILED 3-10-2016

Appeal from the Superior Court in Yavapai County
No. P1300CR201401009
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED AS AMENDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Craig Williams Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

**N O R R I S,** Judge:

¶1 Alberto Corrales timely appeals from his convictions and sentences for attempted armed robbery and aggravated assault, both class 3 felonies. After searching the record on appeal and finding no arguable question of law that was not frivolous, Corrales' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Corrales to file a supplemental brief *in propria persona*, but Corrales did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Corrales' convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2 On the night of September 30, 2014, JPL went to a Prescott, Arizona casino and won a $2,400 jackpot. Just after JPL left the casino through the main exit, Corrales and a woman left through a back exit. As JPL went to his truck, Corrales and the woman drove a dark sedan with wraparound taillights to the casino's upper parking lot to watch him leave and then followed him out of the parking lot onto the highway. When JPL turned off the highway, he saw he was being followed, and as he stopped at a dark, isolated intersection, a dark sedan with wraparound taillights pulled in front of him, blocking him from going forward. An assailant in dark clothing, jumped from the car and pointed a gun at JPL. JPL quickly put his truck in reverse, drove around the car, and escaped.

¶3 JPL immediately reported the incident to 911. About one week later, casino personnel identified Corrales and the woman from surveillance video, and police arrested them. The officers found ammunition in Corrales' pocket, a gun in the woman's dark sedan, and

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Corrales. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

dark clothing in the trunk and spare tire compartment. At trial, JPL testified that the assailant wore black shoes with a white rim, and the State presented casino surveillance video showing Corrales wearing black shoes with a white rim on the night of the attempted robbery.

¶4        A jury found Corrales guilty of aggravated assault and attempted armed robbery. At the sentencing hearing, the superior court imposed the presumptive sentence on both counts—7.5 years' imprisonment for attempted armed robbery, a dangerous offense and class 3 felony; and 7.5 years' imprisonment for aggravated assault, a dangerous offense and class 3 felony, to run concurrently. The superior court awarded 222 days' presentence incarceration credit.

## DISCUSSION

¶5        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Corrales received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6        The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Corrales' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. Corrales waived the presentence report; was given an opportunity to speak at sentencing and did so; and his sentences were within the range of acceptable sentences for his offenses.

¶7        We do, however, note that in its preliminary instructions to the jury, the superior did not properly instruct the jury on how it should assess stipulated facts. In the preliminary instructions, the court informed the jury, "[I]f the lawyers for all parties agree or stipulate some particular fact is true, you should accept it as truth." In the final instructions, the court correctly informed the jury, however, as follows: "During the trial, the parties may have stipulated that certain facts exist. This means both sides agree those facts do exist and are part of the evidence for you to consider." Our supreme court has held, "Although stipulations may bind the parties and relieve them of the burden of establishing the stipulated facts, stipulations do not bind the jury, and jurors may accept or reject them." *State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009). The Revised Arizona Jury Instructions recommend:

> The lawyers are permitted to stipulate that certain facts exist. This means that both sides

> agree those facts do exist and are part of the evidence. You are to treat a stipulation as any other evidence. You are free to accept it or reject it, in whole or in part, just as any other evidence.

Rev. Ariz. Jury Instr. ("RAJI") Stand. Crim. 3 (4th ed. 2015). Because the record does not reflect the parties stipulated to any evidence, any confusion caused by the court's preliminary instruction regarding stipulated facts was harmless.

¶8 We also correct the judgment of guilt and sentence to change the reference to "A.R.S. § 13-904" under Count 1 to "A.R.S. § 13-1904."

## CONCLUSION

¶9 We decline to order briefing and affirm Corrales' convictions and sentences.

¶10 After the filing of this decision, defense counsel's obligations pertaining to Corrales' representation in this appeal have ended. Defense counsel need do no more than inform Corrales of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶11 Corrales has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Corrales 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama