NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

TOMMY MAURICE TOTRESS, *Appellant*.

No. 1 CA-CR 15-0549
1 CA-CR 15-0550
FILED 8-30-2016

Appeal from the Superior Court in Maricopa County
No.  CR2009-164010-001
CR2012-149563-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**N O R R I S,** Judge:

¶1        Tommy Maurice Totress timely appeals from his convictions and sentences in Maricopa County cause number CR2012-149563-001 ("2012 case") for possession for sale of narcotic drugs (crack cocaine), a class 2 felony (Count 1); possession for sale of narcotic drugs (cocaine), a class 2 felony (Count 2); possession of drug paraphernalia (scales), a class 6 felony (Count 3); possession of drug paraphernalia (baking soda and/or a pot), a class 6 felony (Count 4); possession or use of marijuana, a class 6 felony (Count 5); and from the resulting revocation of his probation and disposition in Maricopa County cause number CR2009-164010-001 ("2009 case"). After searching the record on appeal and finding no arguable question of law that was not frivolous, Totress' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Totress to file a supplemental brief *in propria persona*, but Totress did not do so. After reviewing the entire record in the 2012 case and all relevant portions of the record regarding the superior court's revocation of probation in the 2009 case, we find no fundamental error. Therefore, we affirm Totress' convictions, sentences, probation revocation, and disposition as corrected.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2        On September 18, 2012, a detective went to Totress' home to arrest him for an alleged violation of his probation in the 2009 case. The detective arrived at the house, watched Totress leave the house by car, followed him, and called in other officers to assist in arresting Totress.

¶3        After being stopped by police, Totress jumped from the car and ran across two busy streets to a car wash. The detective chased Totress

---

[1]We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Totress. *State v. Guerra,* 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

and caught him shortly after he saw Totress discard a small bag of marijuana. The detective then searched Totress' pockets and found 30 grams of crack cocaine, 11 grams of cocaine, and about $500.

¶4          After the detective advised Totress of his *Miranda* rights, Totress told the detective he had "crack, cocaine and weed in [his] pocket." The detective searched the car and found cooking pots, a ladle, a butter knife, a glass beaker, a glass jar, and three digital scales. Totress told the detective that "everything in that vehicle is mine" and said he used pots, spoons, and glass jars "[t]o make crack." He also admitted to using and selling crack cocaine.

¶5          A twelve-person jury found Totress guilty on all counts in the 2012 case, as discussed above. *See supra* ¶ 1. After the jury returned its guilty verdicts, it found beyond a reasonable doubt that Totress had committed Counts 1 and 2 in the 2012 case as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value and that he had committed all of the 2012 offenses while on probation for a felony offense.

¶6          The superior court sentenced Totress to aggravated sentences of 15 years' imprisonment for Counts 1 and 2 and to aggravated sentences of two years' imprisonment for Counts 3, 4, and 5, with all sentences in the 2012 case to run concurrently.

¶7          The superior court also revoked Totress' probation in the 2009 case. *See* Ariz. R. Crim. P. 27.8(e). The court then sentenced him to two and a half years' imprisonment with 349 days of presentence incarceration credit. It ordered the 2012 case concurrent sentences to be consecutive to the term of imprisonment imposed in the 2009 case.

## DISCUSSION

¶8          We have reviewed the entire record in the 2012 case and all relevant portions of the record regarding the revocation of probation in the 2009 case for reversible error and find none.[2] *See Leon*, 104 Ariz. at 300, 451

---

[2]The record reflects the superior court gave contradictory preliminary instructions to the jury on how it should assess stipulated facts. First, the court instructed the jury it should "treat a stipulation as any other evidence. You're free to accept or reject it, in whole or in part, just as any other evidence." Then the court instructed the jury that "if the lawyers for both sides agree or stipulate that some particular fact is true, you should accept it as the truth." In the final instructions, however, the court correctly

P.2d at 881. In the 2012 case, Totress received a fair trial and was represented by counsel at all stages of the proceedings. Totress was not present for trial, but pursuant to Ariz. R. Crim. P. 9.1 the superior court found Totress had waived his right to be present at trial by voluntarily absenting himself from it. The record supports the superior court's finding that Totress had notice of the trial setting and had been warned on multiple occasions that trial would proceed in his absence. The probation revocation proceedings also substantially complied with the Arizona Rules of Criminal Procedure.

¶9        The evidence presented at trial in the 2012 case was substantial and supports the verdicts. The court properly instructed the jury on the elements of the charges, Totress' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Totress spoke at the sentencing and disposition hearings, and his sentences in the 2012 case and 2009 case were within the range of acceptable sentences for his offenses.

¶10        In our review of the record we discovered two errors in the superior court's sentencing and disposition minute entries. In the sentencing minute entry in the 2012 case, the superior court found the offenses were repetitive because the 2009 conviction was a historical prior. The minute entry, however, listed Arizona Revised Statutes ("A.R.S.") section 13-702 (2010), a statute that pertains to first-time felony offenders.[3] We therefore correct this sentencing minute entry to replace A.R.S. § 13-702 (2010) with A.R.S. § 13-703 (Supp. 2015), which pertains to repeat offenders. In the disposition minute entry in the 2009 case the superior court listed A.R.S. § 13-312, a statute that did not exist in 2009. We correct the minute entry to omit the reference to A.R.S. § 13-312.

---

instructed the jury as it initially did in the preliminary instructions. *State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009) (noting that "stipulations do not bind the jury, and jurors may accept or reject them"). Given the court's final instructions, the inconsistency regarding stipulations in the preliminary instructions does not amount to reversible error.

[3]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Totress' offenses, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

## CONCLUSION

**¶11** We decline to order briefing and affirm Totress' convictions, sentences, probation revocation, and disposition as corrected.

**¶12** After the filing of this decision, defense counsel's obligations pertaining to Totress' representation in this appeal have ended. Defense counsel need do no more than inform Totress of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶13** Totress has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Totress 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Amy M. Wood • Clerk of the court
FILED: AA